■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO MOULTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 23, 1976, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Crimmins,* 36 NY2d 230). Hopkins, Acting P. J., Martuscello and Cohalan, JJ., concur; Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum, in which Rabin, J., concurs: In my opinion, the record clearly demonstrates that defendant was deprived of a fair trial by the trial court's numerous, prejudicial, gratuitous and caustic comments, its constant and unnecessary interjection into the proceedings and its denigration of defendant's trial counsel on more than one occasion. To cite just a few instances, at one time during the trial, when the prosecutor stated that he failed to see the purpose of defense counsel's question, the trial court remarked: "I think if you fail to see it, the jury fails to see it, too." On another occasion, during the cross-examination of the complaining witness, Merius, the latter was asked by the court whether he understood a question after a second reading of it by the stenographer. When Merius said he did not, the trial court responded: "Good for you. Neither do I." After striking a defense question from the record, the court remarked to defense counsel: "You and I both know why. If I don't tell the jury, you're better off." On still another occasion, after sustaining an objection by the prosecution, the court stated: "I have to sustain your objection, but I wish you hadn't made it." It should also be noted that during the defense summation, the court made the following remark in answer to an objection by the prosecution. "You're waking me up * * * Make your objections in a lower voice. Objection sustained." I cannot come to any conclusion from the evidence adduced at the trial that the proof of defendant's guilt was overwhelming. Essentially, the ultimate question for the jury to determine was which eyewitness or eyewitnesses should be believed, either the complaining witness Merius, who testified that defendant and two other youths forcibly stole his 10-speed bicycle; or defendant's eyewitnesses, who asserted that defendant's only involvement in the incident was to try to persuade members of a gang, "the Jolly Stompers", not to take the bicycle. As the errors affected a substantial right of the defendant, and as the proof of guilt was not overwhelming, I am constrained to the view that the conviction should be reversed and a new trial ordered (see *People v Crimmins,* 36 NY2d 230; *People v Trowbridge,* 305 NY 471, 477; *People v McGill,* 47 AD2d 961; *People v Matos,* 46 AD2d 903).