■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOMERO AROGUNDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered April 11, 1983, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was convicted of assault in the second degree and criminal possession of a weapon in the fourth degree for having stabbed one Jose Monserrate with a broken beer bottle. On this appeal, he contends that (1) he was denied a fair trial by the court's instruction that the jury could presume unlawful intent from his possession of the broken bottle, and (2) his sentences were excessive in light of the Probation Department's recommendation that he be given a "split sentence of 6 months [imprisonment] and 54 months probation". We cannot agree with either of these contentions.

With regard to the first contention, defendant did not object to any aspect of the court's charge to the jury. Consequently, he has not preserved for appellate review any claim as to the propriety of the court's instructions (*see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467, 471; *People v Cruz,* 97 AD2d 518). In any event, the charge did not deprive him of a fair trial. Defendant admitted at trial that he had intentionally broken the beer bottle in order to use it as a weapon. Since there was no real issue that defendant had "adapted [the bottle] for use primarily as a weapon," it was not improper for the court to charge the jury that it could (but was not required to) presume from defendant's possession of the broken bottle that he intended to use it unlawfully against another (*see,* Penal Law § 265.15 [4]; *People v James M.,* 92 AD2d 594).

As respects defendant's second contention, the sentences imposed were within the statutory limits and were neither

harsh nor excessive. Thus, there is no basis for us to disturb them (*see, People v Suitte,* 90 AD2d 80; *People v Roman,* 84 AD2d 851). Admittedly, Criminal Term declined to follow the Probation Department's recommendation. Nonetheless, a recommendation by the Probation Department is not binding on the sentencing court (*cf. People v Farrar,* 52 NY2d 302, 306), and where, as here, *inter alia,* defendant was convicted of the instant offenses while on probation for an earlier offense, a court could well reject the recommended penalty as inadequate.

Accordingly, the judgment appealed from is affirmed in all respects. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.