Rayford CONNER, Petitioner–Appellant,

v.

George BOWEN, Warden, Respondent–Appellee.

No. 86–7374.

United States Court of Appeals, Eleventh Circuit.

April 12, 1988.

the former Fifth Circuit handed down prior to October 1, 1981.

---

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of

Gary A. Hudgins, Mobile, Ala., for petitioner-appellant.

Don Siegelman, Atty. Gen., P. David Bjurberg, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and MOORE *, District Judge.

TJOFLAT, Circuit Judge:

Petitioner, an Alabama prison inmate, contends that he is being held in custody in violation of the Constitution of the United States. Among other things, he claims that the state trial judge denied him due process of law by refusing to grant his request for a continuance and requiring him to stand trial only six days after the return of his indictment. The district court denied his application for a writ of habeas corpus, and he appeals. We affirm.

I.

At eleven o'clock on the night of December 19, 1982, a Mobile, Alabama police station received a call from a security service that a silent burglar alarm had been triggered at a nearby pharmacy. Several officers immediately converged on the pharmacy, which had closed for business at five o'clock that afternoon. Upon arriving, they determined that someone had tried to enter the pharmacy through the front door, but found no evidence that anyone had actually entered. At this point, the officers staked out the pharmacy. Within minutes, they observed two men enter the front door. The officers then approached the building and stopped one of the men as he was fleeing the pharmacy. Two officers took the man into custody, while the others entered the pharmacy. Once inside, they found petitioner, Rayford Conner, behind a counter loading a cardboard box with cartons of cigarettes that he was taking from the shelves behind him. In the box the officers found a crowbar which they believed petitioner and his accomplice had used to pry open the front door. The officers arrested petitioner for burglary and read him his rights.

At the time of his arrest, petitioner was on probation under a suspended sentence imposed by the Circuit Court of Mobile County, Alabama.[1] Upon learning of petitioner's burglary arrest and his incarceration in the Mobile County jail, his probation officer informed the circuit court of such

---

* Honorable John H. Moore, II, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Petitioner had pled guilty on March 15, 1982 to seven counts of uttering a forged instrument in the second degree, a felony. *See* Ala.Code. § 13A-9-6 (1982). On April 9, 1982, the court sentenced petitioner to seven concurrent prison terms of six years, then suspended the execution of five years of those terms, requiring him to serve only one year in custody, and placed him on probation for five years. Petitioner did not serve the full one-year jail term; presumably, he was given credit for time he was in custody prior to the imposition of sentence.

facts, and the court issued a warrant for petitioner's arrest, charging him with violating the conditions of his probation. The warrant was executed, and petitioner was held in custody pending a probation revocation hearing.[2]

On a date not disclosed by the record, the court scheduled a revocation hearing for February 11, 1983. On February 11, petitioner, who was indigent, requested the court to appoint an attorney to represent him.[3] The court granted his request and appointed Paul Brown, a member of the Mobile bar. Brown promptly asked the court for a continuance, which the court granted. The revocation hearing was rescheduled for February 25, but was continued when Brown advised the court on that date that he was not prepared. The court granted Brown three additional continuances, eventually scheduling the hearing for March 16. On March 16, Brown asked for another continuance, and the court gave him one day, advising Brown and the prosecutor that the hearing would be held the following morning.

On the morning of March 17, petitioner, accompanied by Brown, appeared in open court. The prosecutor, having assembled the witnesses necessary to establish petitioner's presence in the pharmacy on the night of December 19, announced that he was ready to proceed. Brown also announced that he was ready. At this point, the court advised counsel that instead of proceeding with the probation revocation hearing, it would try petitioner on the indictment the grand jury had handed down the previous Friday, March 11, charging

him with the burglary of the pharmacy. Brown, disclaiming any knowledge of the indictment, requested a continuance. He stated that he had not had an opportunity to "discover" the State's case[4] and therefore was unprepared for trial.

The court denied Brown's request for three reasons. First, the court stated that contrary to Brown's representation, Brown had known of the indictment since the grand jury had returned it six days earlier. The court stated, for the record, that it had personally informed Brown of the indictment on March 11. Second, the court noted that Brown had been aware of the facts underlying the burglary charge since his appointment as petitioner's attorney on February 11 and thus had ample time to prepare petitioner's defense. The court felt that if Brown was ready to proceed with the revocation hearing, he had to be ready for trial. Finally, with respect to petitioner's representation that he needed time to discover the State's case, the court instructed the prosecutor to turn over his file to Brown on the spot and gave Brown whatever time he needed to review it.

The court then arraigned petitioner on the burglary charge, over Brown's objection. Petitioner pled not guilty and, alternatively, not guilty by reason of entrapment. The trial then began. The State quickly proved its case and rested. The trial then recessed for lunch, and the following occurred. Brown informed the court that he had advised petitioner to consent to the revocation of his probation and to accept the plea bargain the prosecutor

2. The record does not indicate what happened to petitioner following his arrest on the night of December 19, 1982. We assume that he was placed in jail and that he remained there through his trial on March 17, 1983. Counsel indicated as much to us at oral argument. Accordingly, after the circuit court issued the warrant charging petitioner with violating the conditions of his probation, two grounds existed for holding petitioner: he had committed the crime of burglary and at the same time had violated a condition of his probation.

3. The record does not indicate whether petitioner had counsel following his arrest on December 19, 1982. As noted in the text, the court appointed Paul Brown to represent petitioner

on February 11, 1983. At trial, Brown, in arguing petitioner's motion for a continuance, told the court that he had not been appointed to represent petitioner on the criminal burglary charge. The court responded that Brown's February 11 appointment covered both the criminal charge and the probation revocation proceeding.

4. Under Alabama law, a defendant has the right to discover from the prosecutor statements by the defendant and his accomplice, documents and tangible objects, and reports of examinations and tests. No other matter is discoverable by the defendant. See Ala.R.Crim.P. (Temp.R.) 18.1 (1984).

had offered on the burglary charge earlier in the day;[5] however, petitioner had rejected his advice. Brown also informed the court that petitioner wanted to take the stand, but Brown had advised him not to testify because he had an extensive criminal record and had no satisfactory explanation for his presence in the pharmacy. Finally, Brown stated that he had put out a subpoena for a witness—petitioner's accomplice, who was also under indictment for the burglary of the pharmacy—when the recess began. The court responded that it would have the witness brought to the courthouse immediately and offered to have any other witness petitioner wished to call subpoenaed instanter. Brown did not ask for any additional subpoenas. Before the trial resumed, the police brought petitioner's accomplice to the courthouse, and petitioner and Brown conferred with him.

The trial resumed after lunch. Petitioner presented no defense. His accomplice did not testify, and petitioner chose not to take the stand. Following the closing arguments of counsel and the court's instructions on the law, the jury found petitioner guilty of burglary in the third degree, as charged in the indictment. After the jury returned its verdict, the court summarily revoked petitioner's probation and committed him to prison for five years.[6] Two weeks later, the court sentenced petitioner on his conviction, committing him to prison for an additional fifteen years.[7]

Petitioner appealed both the conviction and the probation revocation to the Alabama Court of Criminal Appeals, presenting, among others, the claims now before us. The court rejected his claims in an unpublished opinion. After seeking unsuccessfully a writ of coram nobis in state court,[8] petitioner, proceeding pro se, applied to the district court for habeas corpus relief, challenging on five grounds the validity of his conviction and the revocation of his probation. The court referred the case to a magistrate, who concluded that the record of petitioner's criminal prosecution and revocation proceeding foreclosed his claims for relief as a matter of law.[9] After reviewing petitioner's claims de novo, the district court denied the writ. This appeal followed.

Petitioner asserts that he is entitled to a writ of habeas corpus on the basis of the five claims he presented to the district court. We disagree. Four of petitioner's claims are without merit and require no discussion.[10] We proceed therefore to peti-

5. The record does not disclose the terms of the offer.

6. Under Ala.Code § 15–22–54(d) (1982), a probationer who is found to have violated a condition of his probation must be sentenced to the full term of his suspended sentence—in this case, five years—without credit for the time served on probation.

7. Petitioner was a repeat offender within the meaning of Alabama's repeat offender statute, Ala.Code § 13A–5–9(c)(1) (1982). As a repeat offender, the minimum sentence petitioner could have received for the burglary conviction was fifteen years.

8. Prior to petitioner's application for coram nobis relief in Alabama state court, petitioner sought a writ of habeas corpus in the federal district court. The district court dismissed the petition because the claims had not been exhausted in state court.

9. The magistrate read the petition as alleging eight constitutional violations. We read the petition as presenting five discrete claims for relief: first, that petitioner's indictment was not in proper form because the copy he received was not signed by the grand jury foreman; second, that his trial was fundamentally unfair because the trial court held it on the same day as his arraignment; third, that his trial was fundamentally unfair because the trial court, denying his motion for a continuance, held the trial six days after his indictment; fourth, that his trial was fundamentally unfair because the trial judge, contrary to the record, instructed the jury that "all policemen are presumed to tell the truth"; and fifth, that his probation was revoked without due process.

A sixth claim—that petitioner received ineffective assistance of counsel—was not litigated in the district court. Petitioner had not exhausted the claim by presenting it to the Alabama courts, and the district court gave him the option of abandoning the claim or returning to state court to exhaust the claim. Petitioner opted to abandon the claim. Accordingly, this claim is not before us.

10. Petitioner's first claim, see supra note 9, does not allege a violation of the Constitution; it is a state law claim. Petitioner's second claim, see id., is frivolous; the Constitution simply does not bar the convening of a trial immediately following arraignment. Petitioner's third claim,

tioner's fifth claim: that the trial court denied him due process of law when it denied his request for a continuance and required him to proceed to trial on the burglary charge.

## II.

■ It is settled law that a habeas petitioner who claims that the state trial court's refusal to grant a continuance denied him due process of law must demonstrate, first, that the trial court abused its discretion and, second, that its action rendered the petitioner's trial fundamentally unfair. *See Hicks v. Wainwright,* 633 F.2d 1146, 1148 (5th Cir. Jan. 1981).[11] In determining whether the trial court abused its discretion, we look to the record before the court when it made its decision and ask whether it should have concluded that the denial of a continuance would probably deprive the petitioner of a fair trial. In determining whether the court's action rendered the petitioner's trial fundamentally unfair,

we look for actual prejudice to the petitioner.[12] *See Skillern v. Estelle,* 720 F.2d 839, 850–51 (5th Cir.1983), *cert. denied,* 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984).

In a case such as this, there are two ways in which a petitioner may have been prejudiced. First, the trial judge's refusal to grant a continuance may have impeded the petitioner's ability to investigate the case, confront the prosecution's evidence, and present a defense, thus affecting the integrity of the guilt determination. Second, the trial judge's refusal may have impeded defense counsel's ability to inform the petitioner of the benefit, if any, that a plea of guilty or nolo contendere might have on the petitioner's sentence.[13]

■ In the present case, petitioner has shown no abuse of discretion. Nor has he shown any prejudice affecting his conviction or his sentence. We reach these conclusions after a thorough examination of the records of the proceedings in state court and in the district court.

*see id.,* is the claim we discuss and reject in the text. Petitioner's fourth claim, *see id.,* is conclusively refuted by the record. Petitioner's fifth claim, *see id.,* is frivolous. By his own admission, petitioner was prepared for his revocation hearing on March 17, 1983. Petitioner concedes that the burglary of the pharmacy constituted a violation of the conditions of his probation. That the trial court empaneled a jury before entertaining the evidence conclusively establishing that petitioner had burglarized the pharmacy is of no constitutional significance.

In his brief on appeal, petitioner asserts a sixth claim—that the trial judge improperly submitted a copy of the indictment to the jury before it retired for deliberation, in violation of Ala.R.Crim.P. (Temp.R.) 14 (1984). Petitioner did not present this claim to the district court; accordingly, we do not consider it. We do say in passing, however, that, if anything, it is nothing more than a state law claim and therefore not cognizable in a federal habeas proceeding.

11. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

12. In some cases, actual prejudice might be presumed. Posit a case in which a petitioner was indicted, arrested, arraigned, and over his objection, tried and convicted, all in one day. Assume further he had no advance knowledge of the state's evidence against him and thus no meaningful opportunity to confront it. In such

a case, the petitioner might not be able to demonstrate actual prejudice to the satisfaction of the habeas court: the manner in which the criminal proceeding progressed may have precluded him from placing in the record of that proceeding a precise statement of exactly how the trial court's action was likely to harm him and, on collateral attack, from obtaining the evidence necessary to show that prejudice, in fact, resulted.

This is not the situation before us, however, and we will not presume prejudice. In this case, petitioner had three months' notice of the criminal conduct for which he stood trial. Petitioner's attorney had five weeks in which to investigate the case. Furthermore, petitioner was not foreclosed from plea negotiations; against the advice of counsel, he rejected the prosecutor's offer. Finally, we have every reason to believe that if petitioner had suffered prejudice, he could have established it either in his state coram nobis proceeding or in his application for habeas corpus relief to the district court.

13. A defendant can benefit from a plea in three ways. First, he might be able to negotiate a plea to less than all of the offenses specified in the charging document. Second, he might be able to negotiate a plea with a favorable sentence recommendation by the prosecutor. Third, the court, in imposing sentence, might give him substantial "credit" for having pled guilty.

## A.

Petitioner contends that he needed a continuance so that he could locate some witnesses to testify in his behalf. According to petitioner, these witnesses were standing on the sidewalk in front of a nightclub next door to the pharmacy when he entered the pharmacy. He represents that they would have testified that the front door was ajar and that the pharmacy appeared open for business when petitioner made his entrance.

In requesting a continuance, however, petitioner did not inform the trial judge that he needed to subpoena these witnesses.[14] What petitioner actually told the court was that he needed a continuance because his attorney, Brown, had not had an opportunity to discover the State's case and thus was unprepared for trial. The court, however, had granted Brown five continuances over a period of five weeks to investigate petitioner's participation in the burglary, and Brown was well acquainted with the State's case. Moreover, moments before he asked the court to postpone petitioner's trial, Brown had informed the court that he was prepared to proceed with the revocation hearing. The court assumed that if Brown was prepared to defend petitioner at the revocation hearing, there was no reason why he could not defend him at the trial; both proceedings involved the same criminal conduct and the same evidence. We cannot fault the trial judge for indulging this assumption. Accordingly, in light of the information available to the trial judge at the time he made his ruling, we find no abuse of discretion in his refusal to postpone petitioner's trial.

## B.

Nor do we believe petitioner was prejudiced by the denial of his motion; a continuance, if granted, would not have enabled petitioner to present any exculpatory evidence. According to petitioner, the witnesses he would have subpoenaed would have testified that the door was ajar and that the pharmacy appeared open for business when petitioner entered. We will assume, for sake of argument, that these witnesses would have testified as petitioner represents. Still, we find no prejudice. Under Alabama law, a third degree burglary is complete when the accused "knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala.Code § 13A–7–7 (1982). Because no breaking is required, *see Perry v. State*, 407 So.2d 183, 185 (Ala.Crim.App.1981), whether the door was ajar is of no moment. Petitioner committed third degree burglary if he entered the open door, or remained unlawfully in the pharmacy, with the intent to steal.

Petitioner argues that he might have been acquitted because the jury might have believed that the pharmacy appeared open for business. Had the jury found this to have been the case, then, his argument concludes, the jury may have found that he entered the pharmacy for a lawful purpose, e.g., to make a purchase. The short answer to petitioner's argument is that it is preposterous. First, it ignores the undisputed fact that the pharmacy had been closed for six hours when petitioner and his accomplice entered it. Second, it ignores the undisputed fact that when the police arrested him, petitioner was filling a cardboard box with cigarette cartons and had a crowbar in his possession. In sum, the denial of petitioner's request for a continuance did not render his trial fundamentally unfair.

Nor did petitioner suffer any prejudice with respect to his sentence. He had ample opportunity to negotiate a disposition of both the criminal charge and the probation revocation warrant. Against the advice of counsel, however, he rejected the State's offer and chose to put the State to its proof.

AFFIRMED.

---

**14.** Petitioner first mentioned these witnesses when he filed his objection to the magistrate's report to the district court.