■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BELL, Appellant.—Judgment of the Supreme Court, New York County (Jerome Hornblass, J.), rendered March 24, 1986, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and sentencing him, respectively, to a term of from 15 years' to life imprisonment and a concurrent term of from 1 to 3 years, is unanimously affirmed.

On March 2, 1985, two uniformed police officers, while conducting a routine patrol of an apartment building at 2166 Eighth Avenue, observed from a fifth-floor landing what appeared to them to be a sale of drugs by defendant to another on the fourth-floor landing. Incidental to defendant's arrest, they recovered a total of 221 glassine envelopes and $121 in cash on his person. Defendant testified at trial that as he was going to throw out some garbage he saw several people disperse when the police officers appeared. Defendant did not run. He was grabbed by the officers who pushed him into his apartment where they ransacked his apartment and recovered the glassine envelopes. Defendant testified that the drugs were his roommate's, John Smith.

The court did not commit reversible error in allowing the evidence of the $121 in cash that was found in defendant's possession. Such amount of money did not serve to portray defendant as a big-time drug dealer, but was consistent with the police having recovered 49 glassine envelopes from his right hand and additional envelopes wedged in the left shoulder area of his coat for a total of 221 glassine envelopes.

Defendant's argument that he was denied effectiveness of counsel is not supported by the record. The test as to whether

a defendant was afforded effective assistance of counsel is a showing that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' ". *(Strickland v Washington,* 466 US 668, 687.) The deficiency must be such to have prejudiced the defense in making the jury verdict unreliable. Defendant did not object at trial to his counsel. Trial counsel put forth a viable defense strategy. He attacked the credibility of the officers, elicited testimony from witnesses to contradict the officers' testimony, questioned the reliability of the chemist's conclusion and protected his client's rights by making appropriate motions.

The trial court did not abuse its discretion by failing to grant defense counsel a longer continuance to locate a witness. The party requesting the continuance bears the burden of showing that the witness is material *(People v Foy,* 32 NY2d 473, 476). Defense counsel's request for additional time to produce the superintendent to testify about the stairwell and hallways, but who was not present at the incident, was not a material witness. This witness's testimony would have only been cumulative to that of other defense witnesses who testified to this point.

The prosecutor's arguments in summation, alleged to have deprived defendant of a fair trial, were either made in response to defense counsel's summation, were unobjected to by the defendant or constituted harmless error.

Defendant's remaining contentions have been examined and found to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.