■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL BAEZ, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on July 29, 1988, convicting defendant, following a jury trial, of criminal sale of a controlled substance in the first degree and two counts of criminal possession of a controlled substance in the first degree and sentencing him to three concurrent indeterminate terms of imprisonment of from 15 years to life, is unanimously affirmed.

Defendant was convicted of the sale and possession of a controlled substance after he and a companion sold five kilo-

grams of cocaine to an undercover detective. On appeal, he asserts that reversal is mandated as a result of the destruction by a police witness of his handwritten notes. In that regard, prior to trial, defense counsel acknowledged that he had received *Rosario* material but also demanded that he be provided with the handwritten notes that were the basis of the detective's typewritten reports. The police officer testified that he destroyed his handwritten notes after checking the typewritten report to verify that his notes were fully transcribed. The court, while directing the District Attorney to produce the notes if they existed, remarked that a police officer's handwritten notes are frequently destroyed after they are placed verbatim into a typewritten copy. The trial subsequently commenced, and defendant's attorney did not again request the notes. He also did not move that the detective's testimony be precluded or that any other sanction be applied. However, the witness was cross-examined in detail about the destruction of his notes and the preparation of the typewritten reports. He testified that he did not destroy his handwritten notes until after comparing their contents with the typewritten version to verify that everything had been included. Accordingly, having failed to interpose a *Rosario* claim at trial or seek the imposition of any sanctions, defendant has not preserved for appellate review the argument that the People did not comply with the requirements of the *Rosario* rule, and we decline to reach this issue in the interest of justice (CPL 470.05 [2]; *People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919; *People v Simonds,* 140 AD2d 236, *affd* 73 NY2d 945).

In any event, although it is per se reversible error for the District Attorney not to turn over any *Rosario* material which is available to the prosecution, "[t]he loss or destruction of evidence prior to trial does not necessarily require dismissal of the charge and indeed dismissal is considered a drastic remedy rarely invoked as an appropriate sanction for the People's failure to preserve evidence" *(People v Haupt,* 71 NY2d 929, 931; *see also, People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516). The instant matter certainly does not indicate any facts necessitating reversal of defendant's conviction, particularly in view of the overwhelming evidence of his guilt. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Smith, JJ.