■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO TORRES, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J., at suppression hearing; Bradley, J., at jury trial), rendered January 30, 1989, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree, and one count of criminal possession of a controlled substance in the third degree, for which defendant was sentenced as a predicate felon to concurrent terms of 8 to 16 years, unanimously affirmed.

Defendant was observed by an undercover police observation unit orchestrating the sales of heroin on the lower east side. On three occasions, spanning 20 minutes, purchasers walked up to defendant's confederates, paid money for glassine envelopes, and were arrested by the backup team after they left. The testimony established that an unapprehended person on two occasions would approach defendant, hand over glassine envelopes, and receive money in exchange, and leave. Two of defendant's accomplices, who were arrested, handled the actual sales. On one occasion, one of these accomplices slid money across to defendant on the top of a fruit stand of a bodega.

Defendant was tried on an acting-in-concert theory. Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's

guilt was proved beyond a reasonable doubt by overwhelming evidence. Defendant's challenges to the ability of the police officers in an observation post to observe the transactions were matters of credibility to be resolved by the jury.

The introduction of evidence that $108 was recovered from defendant's person, under the circumstances of this case, did not establish defendant as a "big time drug dealer", and was not unduly prejudicial (see, People v Bell, 160 AD2d 477, lv denied 76 NY2d 784).

Since identification was a central issue of this case, evidence that the police officer had had two prior face-to-face meetings with the defendant, each of which lasted at least one hour was material and relevant. Since any further information concerning the meetings was precluded, and no inference of criminality was conveyed to the jury, there was no Molineux violation (People v Molineux, 168 NY 264).

Since there was no evidence in this case that defendant was a person authorized to sell controlled substances, it was not error for the court, in its instructions, to instruct the jury that if they found beyond a reasonable doubt that the defendant sold heroin, he did so unlawfully. In the absence of any such evidence of authorization, there was no factual issue, and the court did not thereby intrude into the jury's fact-finding responsibility.

With respect to the claim raised in defendant's pro se supplemental brief, that a detective's memo book was never handed over during trial, the claim is unpreserved for review as a matter of law. The record demonstrates that the prosecutor, after turning over several Rosario items, some timely and some untimely, stated that he still had not received one detective's memo book. It is unclear if this memo book was disclosed; however trial counsel never raised the issue again. Counsel did not move for a mistrial, or to preclude the subject testimony, nor did counsel request any particular charge or limiting instruction (see, People v Baez, 166 AD2d 256).

Finally, we cannot conclude that the sentencing court abused its discretion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.