■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID EDWARDS, Appellant.

---

Defendant was arrested after he sold four vials of crack to an undercover police officer for $20 of pre-recorded "buy" money. He was thereupon searched, and an additional ten vials of crack were recovered, as well as the $20 in pre-recorded money. On May 12, 1989, the People filed a response to defendant's omnibus motion. In paragraph 6 (e) of the prosecution's bill of particulars, it was incorrectly stated that the amount of the "buy" money involved was $10. However, on June 22, 1989, prior to the start of the suppression hearing, the District Attorney furnished the defense counsel with the booking sheet, notes concerning the felony complaint, the "buy" report, requests for laboratory analysis, a photocopy of the "buy" money, a "buy" corroboration report, summary facts for arraignment, the complaint follow-up report, Grand Jury testimony, the expense report, the daily activity report of the arresting officer and "the 61". He also advised that the amount of money paid to and recovered from defendant was actually $20 rather than the $10 mistakenly noted in the bill of particulars.

Contrary to defendant's contention that he was deprived of due process by the court's refusal to grant him an adjournment as a result of the People's service of an amended bill of particulars two days before the commencement of trial, the fact is that the error in the original bill of particulars was orally pointed out to the defense on June 22, 1989, five days prior to the service of the amended bill of particulars, and the trial did not begin for another two days. Thus, defendant was aware of the mistake in question a week before the trial started. The single belated rectification of the information that the "buy" money had amounted to $20 rather than $10 is scarcely sufficient to warrant reversal pursuant to the requirement of CPL 200.95 (8) that the court, upon application of defendant, order an adjournment of the proceedings when the People serve an amended bill of particulars if such an adjournment is deemed appropriate to accord defendant an adequate opportunity to defend. In that connection, the court's determination that an adjournment was not necessary to enable defendant to adequately prepare for trial under the circumstances herein was not an abuse of discretion.

Defendant's second argument relates to possible *Rosario* material. During cross-examination of the undercover officer who had purchased the vials of crack from defendant, the defense attorney inquired into whether the officer had discussed the case with the District Attorney before trial. The officer replied that he had met with the prosecutor four times

and that notes had been taken on three of those occasions. Following this testimony, defendant's counsel, out of the presence of the jury, complained that the People had violated their *Rosario* obligations because of the failure of the People to supply the written notes of the three meetings. In response, the District Attorney explained that the only notes which he had made had been in the form of questions to ask the officer during subsequent court proceedings or "work product" reminding himself of the elements that he needed to prove or specific points that he wanted to elicit. The prosecutor then advised the court that while he still had the notes of the second and third meetings, he had not retained the notes of the meeting held prior to the Grand Jury presentation but that these notes contained only a few questions posed to the officer before the Grand Jury. The court examined *in camera* the notes of the second and third meetings. According to the court, the major portion of the notes appeared to be a list of questions that the District Attorney had put to the officer during his direct examination at trial and the remainder of the information seemed to have been obtained from the witness at those two meetings. The court then read the questions and answers to defense counsel and observed that there was nothing else therein except questions and "little notes that one makes to oneself". The court thereafter directed the trial to proceed. Defense counsel, other than stating that the foregoing disclosure was not responsive to his motion for *Rosario* material, did not further refer to the matter.

On appeal, the defense does not express any complaint about the availability of the notes taken at the second and third meetings. It is the purported "intentional" loss of the notes made before the Grand Jury proceeding and the court's failure to impose a sanction for this dereliction which defendant now asserts requires reversal since it deprived him of a fair trial. However, defendant had no objection to this "intentional" loss at trial and requested no sanction for it. He is only now raising the issue for the first time on appeal, and it is simply unpreserved *(People v De Jesus,* 69 NY2d 855; *People v Torres,* 170 AD2d 316, *lv denied* 78 NY2d 958; *People v Baez,* 166 AD2d 256, *lv denied* 77 NY2d 875). In *People v Baez (supra)* a police detective's handwritten notes were destroyed and, thus, not produced for the defense. This court held therein *(supra,* at 257) that: "Accordingly, having failed to interpose a *Rosario* claim at trial or seek the imposition of any sanctions, defendant has not preserved for appellate review the argument that the People did not comply with the

requirements of the *Rosario* rule, and we decline to reach this issue in the interest of justice * * *

"In any event, although it is per se reversible error for the District Attorney not to turn over any *Rosario* material which is available to the prosecution, '[t]he loss or destruction of evidence prior to trial does not necessarily require dismissal of the charge and indeed dismissal is considered a drastic remedy rarely invoked as an appropriate sanction for the People's failure to preserve evidence' *(People v Haupt,* 71 NY2d 929, 931; *see also, People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516). The instant matter certainly does not indicate any facts necessitating reversal of defendant's conviction, particularly in view of the overwhelming evidence of his guilt."

Similarly, not only did defendant herein fail to preserve his claim, but the present case does not reveal any basis for reversing his conviction in the interest of justice. As the Court of Appeals declared in *People v Martinez* (71 NY2d 937, 940, *supra),* in discussing the situation where *Rosario* evidence has been lost or destroyed and cannot be produced, "[i]f the People fail to exercise care to preserve it and defendant is prejudiced by their mistake, the court must impose an appropriate sanction. The determination of what is appropriate is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant". Under the circumstances of this matter, there is no indication that the prosecutor deliberately lost or destroyed the notes in question or that these notes consisted of anything more than questions which he planned to ask the police officer. Indeed, considering the two sets of notes examined by the court *in camera,* there is simply no reason to conclude that the District Attorney's notes of his interview with the officer prior to the Grand Jury proceeding would likely have included information any more useful to the defense in endeavoring to impeach the officer's testimony, and, moreover, the Grand Jury transcript was supplied to defendant. Consequently, the trial court did not exercise its discretion inappropriately in proceeding with the trial, particularly since the defense counsel never offered an alternative suggestion. Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.