Alex S. DEFIO, Petitioner,

v.

Robert HENDERSON, Superintendent,
Auburn Correctional Facility,
Respondent.

No. 90–CV–807.

United States District Court,
N.D. New York.

Aug. 13, 1996.

Alex S. Defio, Glendale, AZ, pro se.

Dennis Vacco, Attorney General, State of New York, Department of Law (Stacey Mattice, Assistant Attorney General, of counsel), Albany, NY, for respondent Henderson.

### MEMORANDUM-DECISION AND ORDER

MUNSON, Senior District Judge.

Currently before this court is Alex Defio's petition for a writ of habeas corpus ad subjiciendum pursuant to 28 U.S.C. § 2254. In accordance with the standing orders of the Northern District of New York, the case was referred to the Honorable Ralph W. Smith, United States Magistrate Judge, who has completed his report-recommendation. The following constitutes the court's decision in this matter.

### I. BACKGROUND

On March 25, 1981 petitioner was convicted of various drug-related crimes in the Onondaga County Court. *See* Rep.-Rec., Doc. 10, at 1–2. He was sentenced to incarceration for eight and one-third to twenty-five years. The Appellate Division, Fourth Department affirmed and the New York Court of Appeals denied leave to appeal. Petitioner then moved unsuccessfully in county court to vacate the judgment, pursuant to New York Criminal Procedure Law § 440.10.

Petitioner, with the assistance of counsel, applied to this court for the writ of habeas corpus upon three grounds: (1) his conviction was secured by the admission of evidence obtained in violation of the Fourth Amendment; (2) his conviction offends principles of the due process of law, because his counsel's request for an adjournment was denied even though the prosecution was permitted to amend its bill of particulars after trial commenced; and (3) the sentence imposed was cruel and unusual in violation of the Eighth Amendment. Mem. Law att'd to Petition, Doc. 1.

Respondent answered and moved to dismiss the petition. The attorney general argued that petitioner's Fourth Amendment claims are not subject to federal collateral review because the State has already provided a full and fair opportunity to litigate them. With respect to the due process claim, respondent contends that the discretionary ruling of the trial court does not rise to the level of constitutional error. As for the Eighth Amendment argument, respondent observed that sentences within statutory limits can rarely be challenged as cruel and unusual. Resp.'s Mem. Law, Doc. 9.

Petitioner himself filed papers he refers to as a "traverse," the common law term for a denial, after Magistrate Judge Smith's report-recommendation was filed. This document is in fact a reply to respondent's answer and motion. Petitioner now asks the court to consider his pro se reply submissions, and to grant leave for him to file untimely objections to the report-recommendation. The court will examine petitioner's traverse, but denies leave for any additional filings. Since the magistrate's report-recommendation agreed with respondent's answer on all significant points, petitioner's reply to the answer is equally applicable to the report-recommendation. The court will consider the traverse/reply in deciding whether to adopt the magistrate's recommendation.

On April 18, 1994 petitioner was paroled from prison. Analysis of the three claims follows a brief passage concerning the court's jurisdiction.

## II. DISCUSSION

### A. Jurisdiction

■ The court observes first that the fact that petitioner is currently paroled does not deprive it of jurisdiction to decide the case, or render the petition moot. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Peck v. United States,* 73 F.3d 1220, 1224 n. 5 (2d Cir.1995). Section 2254, like section 2255, grants a remedy to petitioners in custody, and that condition "encompasses situations where the state has imposed restrictions that 'significantly restrain a petitioner's liberty to do those things which in this country free men are entitled to do.' " *United States v. Weiss,* 902 F.Supp. 326, 328 (N.D.N.Y.1995) (citing *Jones,* 371 U.S. at 243, 83 S.Ct. at 377). The common requirements of parole or supervised release, such as regular reporting, impose such restrictions. 371 U.S. at 242, 83 S.Ct. at 376–77. Moreover, the State may revoke its clemency and incarcerate petitioner again. *See Cates v. Superintendent, Indiana Youth Ctr.,* 981 F.2d 949, 952 (7th Cir.1992). Determination of the merits of the case is thus still appropriate.

### B. Fourth Amendment–Search and Seizure

■ Petitioner claims that evidence used to convict him was in fact seized from another person's property adjoining his own that was not described in the search warrant. Petition, Doc. 1. The magistrate agreed with respondent that the State had provided petitioner with "an opportunity for full and fair litigation" of his Fourth Amendment argument, and federal habeas corpus relief was consequently barred. *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976). Petitioner contends that the Onondaga County Court's refusal to grant a suppression hearing deprived him of that required opportunity. Traverse, Doc. 13, at 19.

■ Petitioner's response ignores one factual and one legal point. First, petitioner had a complete opportunity to litigate these issues in his pretrial motion to suppress. The decision of County Judge Patrick Cunningham regarding the suppression motion shows that the dispute was competently argued and carefully determined. Ex. H att'd to Traverse, Doc. 13. The fact that Judge Cunningham decided the matter without holding an evidentiary hearing is of no moment. The opportunity to litigate the issue "means only that the state must make available 'a statutory mechanism' for suppression of evidence tainted by an unlawful search or seizure." *McPhail v. Warden, Attica Correctional Facility,* 707 F.2d 67, 69 (2d Cir. 1983) (quotation omitted). New York has such a mechanism. *See* N.Y.Crim.Pro.Law § 710.10–710.70 (McKinney 1995). Under that statutory scheme, not all suppression motions require an evidentiary hearing, *e.g., id.* § 710.60(2) & (3), and Judge Cunningham ruled that one was not required in this case, Ex. H att'd to Traverse, Doc. 13, at 2–3.

The legal point overlooked by petitioner is that even an erroneous decision by the county judge is not subject to collateral attack if the issue was fully and fairly litigated. *See Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir.1977) (en banc) ("[W]e have no authority to review the state record and grant the writ simply because we disagree with the result reached by the state courts."), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978). Even if this court could find fault in the decision of the trial court, the fact that petitioner was afforded and took advantage of a procedure by which the admissibility of the evidence in question could be argued precludes habeas review on this ground. The magistrate's conclusion that the Fourth Amendment claims are not cognizable by way of a section 2254 petition is sound.

■ Even if the opportunity to litigate was lacking in some fashion, this court would still reject petitioner's Fourth Amendment argument because he lacks standing to challenge an illegal seizure of evidence from his neighbor's property. "A person who is aggrieved through the introduction of damaging evidence secured by a search of a third person's

premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 424, 58 L.Ed.2d 387 (1978). Petitioner has not alleged that he had any sort of possessory interest or expectation of privacy in the premises next to his own. Since he cannot vicariously assert his neighbor's constitutional right to be free from unreasonable searches and seizures, this claim is without foundation.

## C. Fourteenth Amendment–Due Process

■ The original bill of particulars, in describing the area where controlled substances were seized, stated that "the cocaine was recovered from a window in the defendant's bedroom." The amended bill substituted the words "adjacent to" for the preposition "in." At trial, petitioner claimed unfair surprise that the drugs he was charged with possessing were in fact located in a building not owned by him. Ex. D. att'd to Petition, Doc. 1. Judge Cunningham declined to grant petitioner an adjournment to cope with the amendment, and petitioner now claims this decision violated his due process rights. Magistrate Judge Smith found that the amendment of the bill of particulars during trial did not effect any significant change to the original bill, and thus the denial of petitioner's request for an adjournment did not render the trial "fundamentally unfair." Rep.–Rec., Doc. 10, at 6–7 (quoting *Conner v. Bowen,* 842 F.2d 279, 283 (11th Cir.), *cert. denied,* 488 U.S. 840, 109 S.Ct. 107, 102 L.Ed.2d 82 (1988)).

Although petitioner argues that a continuance was constitutionally required to respond to the unexpected amendment, it appears that everyone knew prior to trial that some evidence was obtained outside of petitioner's bedroom. Judge Cunningham's suppression decision reveals as much:

> Defendants also claim there is a serious question as to whether some of the alleged evidence obtained pursuant to the search warrant was located on the premises covered by the warrant. The only property found outside of DeFio's apartment, however, was located on a roof area adjacent to the rear entrance of the apartment.

Ex. H. att'd to Traverse, Doc. 13, at 3.

Given that it was known prior to the December 1980 suppression decision that at least some incriminating evidence was discovered outside petitioner's property, the complaint that the amendment of the bill worked an unfair surprise warranting an adjournment at the January 1981 trial rings hollow.

■ Petitioner argues in his traverse that the trial court's decision to deny the defense request for a continuance evidences bias on the part of the judge. Doc. 13, at 40. Of course, the county judge was well within his discretion in determining that no interruption of the trial was warranted by the minor change in the bill. *See* N.Y.Crim.Pro.Law § 200.95(8) (adjournment only required if court deems it appropriate to accord defendant an adequate opportunity to prepare); *People v. Edwards,* 179 A.D.2d 511, 512, 579 N.Y.S.2d 344, 345, *appeal denied,* 79 N.Y.2d 1000, 584 N.Y.S.2d 454, 594 N.E.2d 948 (1992). It is equally incontrovertible that the mere fact that a court renders a judicial ruling adverse to a party is not indicative of bias or prejudice against that party; bias must stem from an extrajudicial source. *See People v. Moreno,* 70 N.Y.2d 403, 407, 521 N.Y.S.2d 663, 666, 516 N.E.2d 200, 202 (1987); *People v. Wilkins,* 147 A.D.2d 729, 730, 537 N.Y.S.2d 620, 621, *appeal denied,* 73 N.Y.2d 1023, 541 N.Y.S.2d 778, 539 N.E.2d 606 (1989).

As the county judge's refusal to grant an adjournment was neither constitutionally unfair nor demonstrative of bias against petitioner, this ground for granting the writ is without merit. The court concurs with the report-recommendation's holding that no violation of the Due Process Clause of the Fourteenth Amendment transpired from these circumstances.

## D. Eighth Amendment–Cruel and Unusual Punishment

■ Although the presentence report recommended no term of imprisonment, Judge Cunningham sentenced petitioner to the maximum permitted by statute for the crimes for which he was convicted. The transcript of the sentencing proceedings re-

veals that Judge Cunningham had "not seen many reports less thorough than this. It's five pages of practically adding nothing to the Court." Ex. E att'd to Petition, Doc. 1, at 12. Petitioner moved to adjourn the sentencing, *id.* at 9–10, but the trial court nevertheless proceeded, *id.* at 11. Petitioner argues the relative severity of his sentence compared to the recommendation of the presentence report, combined with the fact that the trial court sentenced him without the assistance of a complete report, resulted in an Eighth Amendment violation.

 The presentence report was of course not binding upon the sentencing court. *E.g., People v. Arogundy,* 112 A.D.2d 1003, 1004, 492 N.Y.S.2d 646, 647, *appeal denied,* 66 N.Y.2d 761, 497 N.Y.S.2d 1034, 488 N.E.2d 120 (1985). It is uncontested that the sentence imposed was within statutory limits. That fact alone usually precludes collateral attack upon a state sentence in federal court. *Wills v. Andrews,* 903 F.Supp. 318, 320 (N.D.N.Y.1995); *see also United States v. Dazzo,* 672 F.2d 284, 289 (2d Cir.), *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982) and cases cited therein. Nor does the relative severity of a sentence within statutory boundaries offend the Constitution. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Rosner,* 485 F.2d 1213, 1229 (2d Cir.1973), *cert. denied,* 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672 (1974). The only exception to these rules is if it appears the sentencing court relied on material misinformation or constitutionally impermissible factors. *United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1974). Petitioner has made no such allegations either in his petition or his traverse/reply.

Judge Cunningham was not obliged to adopt the recommendations of any presentence report, much less one which was incomplete. The sentence imposed was within statutory limits and is not excessive for the drug-related crimes for which petitioner was convicted. Consequently, the court agrees with the report-recommendation that petitioner's Eighth Amendment claim fails to state a ground for habeas relief.

## III. CONCLUSION

The court has fully considered petitioner's traverse, both as a reply to respondent's answer and as an objection to the report-recommendation. The points raised therein do not persuade this court that Magistrate Judge Smith's analysis and recommended disposition are erroneous.

The court adopts the report-recommendation and ORDERS that the petition for habeas corpus be DENIED and DISMISSED.

It is so ordered.