■ PATRICK N. DWYER, Appellant, v AMALIA E. DE LA TORRE, Respondent. [687 NYS2d 789] —Spain, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered September 8, 1998 in Otsego County, which, *inter alia*, granted the Law Guardian's motion to modify a prior order of the court with respect to visitation.

After commencement of an action for divorce, the parties entered into an open-court stipulation which provided, among other things, that defendant would have custody of their three children and plaintiff would have a specific visitation schedule. In September 1997, after holding an ex parte, in camera hearing with the youngest child, Supreme Court, *sua sponte*, modified the visitation schedule. Plaintiff appealed and this Court reversed, holding that the court acted outside its authority in modifying the stipulation and erred in interviewing the child without the presence of the Law Guardian (252 AD2d 695).

Thereafter, the Law Guardian moved for modification of the visitation schedule solely with respect to the youngest child. The other children apparently reached agreements with plaintiff regarding their own visitation schedules. Plaintiff opposed the motion and cross-moved, requesting that Supreme Court recuse itself based on the prior ex parte conversation with the child and subsequent *sua sponte* order modifying the stipulated schedule, which was reversed. On the return date, defendant, who did not oppose the motion, and plaintiff requested a hearing on the proposed modification. Supreme Court denied plaintiff's cross motion for recusal and held a *Lincoln* hearing (*see, Matter of Lincoln v Lincoln*, 24 NY2d 270) with the child in the presence of his Law Guardian. Without holding a plenary hearing, the court again modified the visitation schedule by ordering that the child "shall visit with his father at such times and places as [the child] shall elect". Plaintiff appeals.

In our view, Supreme Court erred in modifying the order without first conducting a full hearing. To warrant modification of an order fixing visitation, the applicant "must demonstrate a change in circumstances * * * warranting modification of the visitation order to advance the best interest of the child" (*Matter of Reese v Jones*, 249 AD2d 676, 677 [citations

774

omitted]; *see, Matter of Baker v Ratoon*, 251 AD2d 921, 923; *Matter of Brocher v Brocher*, 213 AD2d 544, *lv denied* 86 NY2d 701; *Matter of McGreevy v McGreevy*, 92 AD2d 1077, 1078, *lv denied* 60 NY2d 553). However, "[a] determination of the children's best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the children's best interests" (*Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029).

Here, other than the conflicts described and wishes expressed by the child during the *Lincoln* hearing, Supreme Court obtained no information from either parent before modifying the visitation schedule to one set by the child. Although a child's desires should be considered in establishing a visitation schedule, such wishes may be influenced by either parent and may not be in the best interest of the child (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *see also, Matter of Nehra v Uhlar*, 43 NY2d 242, 249). Without a hearing, Supreme Court did not have sufficient information before it upon which to make its determination, despite the child's articulated position during the *Lincoln* interview.

We reject plaintiff's assertion that Supreme Court should have recused itself, there being no showing of bias (*see, People v Judkins*, 210 AD2d 523, 524, *lv denied* 85 NY2d 939; *see generally, Matter of Kidder [Classic Airport Share-Ride—Commissioner of Labor]*, 255 AD2d 852, 853). Moreover, an appellate reversal of a prior related determination by the Trial Judge does not alone constitute a showing of bias (*see, People v Wilkins*, 147 AD2d 729, 730, *lv denied* 73 NY2d 1023).

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion for modification of the visitation order; said motion denied and matter remitted to the Supreme Court for a full hearing on the modification of visitation issue; and, as so modified, affirmed.