■ ROBERT MARINI BUILDER, INC., Respondent, v CHARLES J. RAO, Defendant and Third-Party Plaintiff-Respondent. RONALD G. LOEBER, Individually and as Proposed Executor/ Administrator of the Estate of CONRAD LOEBER, Deceased, Third-Party Defendant-Appellant. [694 NYS2d 208] —Appeal from an order of the Supreme Court (Teresi, J.), entered December 8, 1998 in Albany County, which, *inter alia*, denied third-party defendant's motion to vacate a default judgment entered against him.

In 1997 defendant named Ronald G. Loeber as a third-party defendant in an action seeking a corrective deed to a parcel of real estate located in the Town of Guilderland, Albany County. Loeber did not serve or file an answer to the third-party complaint but instead, acting *pro se,* filed a "notice of intent" which consisted of a signed document stating his intention to appear and defend the matter. Defendant thereafter moved by order to show cause for a default judgment on his third-party complaint based upon Loeber's failure to answer. On November 21, 1997, the return date of the motion, Supreme Court, despite Loeber's presence in court and his expressed intention to defend the action, rejected Loeber's jurisdictional arguments, granted a default judgment (hereinafter the December 1997 default judgment) to defendant and directed Loeber to execute a corrective deed. After giving Loeber several chances to execute the corrective deed, which he failed to do, Supreme Court found Loeber in contempt and sentenced him to a jail term of six months. Thereafter, Loeber initiated a CPLR article 78 proceeding in this court to prohibit Supreme Court from holding him in contempt. Loeber also sought, in the context of that proceeding, to appeal the December 1997 default judgment. This Court, *inter alia,* granted the petition and expunged the contempt but, finding Loeber's appeal of the default judgment untimely, dismissed the appeal *(see, Matter of Loeber v Teresi,* 256 AD2d 747).

In February 1998—long before our ruling in his CPLR article 78 proceeding—Loeber, represented by an attorney, made a motion to renew pursuant to CPLR 2221 seeking to revisit defendant's motion for a default judgment, and to vacate the December 1997 default judgment. By order dated entered February 17, 1998, Supreme Court denied Loeber's motions. Significantly, no appeal was taken from that order. While Loeber's CPLR article 78 proceeding was still pending in this court, Loeber brought an order to show cause in Supreme Court requesting—for a second time—to vacate the default judgment, and also that Supreme Court recuse itself. Supreme Court, in an order entered December 8, 1998, denied Loeber's recusal and second vacatur requests in all respects. Loeber now appeals only from that order.

We affirm. Initially, we reject Loeber's assertion that the Trial Judge should have recused himself to avoid the appearance of impropriety and because Loeber named the Justice as a party to the CPLR article 78 proceeding challenging the court's contempt order. "Absent a legal disqualification * * * a Judge is generally the sole arbiter of recusal" *(Matter of Murphy,* 82

NY2d 491, 495 [citation omitted]). The mere allegation of bias is insufficient to require recusal (*see, Matter of Kidder*, 255 AD2d 852, 853; *Matter of Goldsmith v DeBuono*, 245 AD2d 627). "Moreover, an appellate reversal of a prior related determination by the Trial Judge does not alone constitute a showing of bias" (*Dwyer v De La Torre*, 260 AD2d 773, 774; *see, People v Wilkins*, 147 AD2d 729, *lv denied* 73 NY2d 1023).

Here, Loeber has failed to demonstrate that any determinations by Supreme Court were the result of bias (*see, Dwyer v De La Torre, supra; York v York*, 250 AD2d 837; *Matter of Herskowitz v Tompkins*, 184 AD2d 402, 404, *appeal dismissed* 80 NY2d 1023). "A judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance" (*Spremo v Babchik*, 155 Misc 2d 796, 799, *mod on other grounds* 216 AD2d 382, *lv denied* 86 NY2d 709, *cert denied* 516 US 1161; *see, Muka v New York State Bar Assn.*, 120 Misc 2d 897, 898-899). Recusal is a matter of conscience and was not automatically required as Loeber suggests (*see, Spremo v Babchik, supra*). In our view, the Trial Judge was not required to recuse himself.

Next, while no appeal generally lies from a default judgment (*see, Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913, 913-914; *see also*, CPLR 5511), it has been recognized that "[w]here, as here, a party *appears and contests* an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable" (*Spatz v Bajramoski*, 214 AD2d 436 [emphasis supplied]; *see, Marrocco v Marrocco*, 90 AD2d 989; *see also, Achampong v Weigelt*, 240 AD2d 247). Consequently, Supreme Court's December 1997 default judgment was appealable and Loeber's failure to timely appeal from that judgment is fatal to this appeal (*see, Eigenbrodt v Eigenbrodt*, 217 AD2d 752; *Blank v Schafrann*, 206 AD2d 771, 772; *see also, Loeber v Teresi*, 256 AD2d 747, 749-750, *supra*). In any event, even if Loeber's February 1998 motion to vacate the default was proper, he failed to appeal from Supreme Court's order denying that *first* motion to vacate. The motion *sub judice*, Loeber's *second* motion to vacate, was essentially a duplicative, successive attempt to challenge the default judgment from which he had not timely appealed. Thus, having given up his right to challenge the denial of his first request to vacate the default by not appealing, he should not now be permitted to resurrect his challenge by bringing a second motion to vacate. Accordingly, Loeber's appeal from his second attempt to vacate the default judgment should be dismissed.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.