THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNIE NASSOIT, Respondent, *v.* WILLIAM YOUNG, Justice of the Municipal Court of the City of New York and Any Judge or Justice Holding or to Hold Any Term of the Municipal Court, City of New York, Borough of Manhattan, Fifth District, and WALTER K. HIRSCHBACH, Appellants.

First Department, February 4, 1921.

**Courts — rule 35 of Municipal Court of City of New York providing for trial of rent cases in district where property situate is invalid — prohibition not proper remedy to prevent enforcement of rule.**

Rule 35 of the Municipal Court of the City of New York, providing that all actions for rent or for the rental value of the use or occupation of premises used for dwelling purposes and all actions for damages sustained through the holding over of the occupant shall be brought in the district within which the premises are situate, is invalid as violative of section 17 of the Municipal Court Code.

The power of the Municipal Court under section 17 of the Municipal Court Code to designate a part of the court where special classes of cases shall be brought or tried applies only to the establishment of parts of the court

in each district and does not authorize the justices to abrogate the provisions of said Code and to require the bringing of a certain class of actions in a district other than that in which the Code provides that an action must be brought.

A writ of prohibition is not the proper remedy, where the court is about to dismiss the complaint in compliance with the provisions of said invalid rule, but if the Municipal Court should grant the motion to dismiss, the proper remedy is by appeal, for the court had jurisdiction of the parties, and while its threatened action, if effectuated, would have been erroneous, it was not in excess of its jurisdiction.

GREENBAUM, J., dissents.

APPEAL by the defendants, William Young and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1920, granting relator's motion for an alternative writ of prohibition.

John P. O'Brien, Corporation Counsel [John F. O'Brien of counsel; Russell Lord Tarbox and David E. Hurwitz with him on the brief], for the appellants.

Francis M. Scott of counsel [Leo C. Stern with him on the brief; McLaughlin & Stern, attorneys], for the respondent.

DOWLING, J.:

This appeal is taken from an order of Special Term directing that an alternative writ of prohibition issue commanding the defendants to desist and refrain from any further proceedings on the motion to dismiss the complaint in the action brought by Annie Nassoit against Walter K. Hirschbach now pending in the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, for the reason that the same was not brought in the proper district, and from taking any proceedings on said motion until the further direction of this court at Special Term, and ordering said defendants to show cause at said Special Term why they should not be absolutely restrained from any further proceedings on the motion made by the defendant to dismiss the complaint in the said action.

Annie Nassoit brought an action against Walter K. Hirschbach in the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, to recover rent due on December 1, 1920, amounting to the sum of fifty-five dollars.

Said Annie Nassoit is a resident of the said fifth district. Under the New York City Municipal Court Code (Laws of 1915, chap. 279, § 17) it is provided that " An action must be brought in a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York, in which case the action may be brought in any district." Annie Nassoit properly brought her action in the fifth district pursuant to the provisions of this section of the Municipal Court Code. It appears, however, that the justices of the Municipal Court of the City of New York have adopted a rule as follows:

" Rule 35. All actions for rent or for the rental value of the use or occupation of premises used for dwelling purposes and all actions for damages alleged to have been sustained through the holding over of the occupant of such premises after the expiration of his term shall be brought in the district within which the premises are situated. Whenever a failure to comply with this rule shall appear, the court shall upon its own motion or upon motion of the defendant, dismiss the complaint, with costs, to be taxed by the clerk, unless the defendant by stipulation in writing to be filed with the clerk or in open court, consents that the action remain and be tried in the district wherein the same has been brought."

The property, to recover rent for which the action is brought, is situated in the seventh district, and the defendant Hirschbach made affidavit setting forth said fact and asking that the action for rent be dismissed, with costs, or that the same be removed to the seventh district court and that plaintiff pay the costs of the application. One of the attorneys for Annie Nassoit made affidavit setting forth that the justice presiding at Trial Term, Part 1 of the Municipal Court, Fifth District, would grant the motion and dismiss the complaint, as had been done by the other justices of the said Municipal Court in every instance where it was made to appear that the action was brought in a district other than that prescribed by said rule, they in each case having dismissed the complaint, with costs.

I am of the opinion that the justices of the Municipal Court of the City of New York were without power to make rule 35, which is in direct contravention of the legislative

mandate contained in section 17 of the Municipal Court Code. The power given to the Municipal Court justices under section 8 of the Municipal Court Code to adopt and amend rules, subject to the approval of the presiding justices of the Appellate Divisions of the Supreme Court for the first and second departments, or of the justices presiding therein, does not authorize them to establish a rule which is in violation of the legislative act. The power to designate a part of the court where special classes of cases shall be brought or tried applies only to the establishment of parts of the court in each district and does not authorize the justices to abrogate the provisions of the Municipal Court Code and to require the bringing of a certain class of actions in a district other than that in which the said Code provides that an action must be brought. My conclusion is that rule 35, as adopted by the justices of the Municipal Court, is without force or effect and is invalid, as being in direct contravention of the legislative provision.

I am of the opinion, however, as well that the writ of prohibition is not the proper remedy in this case, but that if the Municipal Court justice should grant the motion to dismiss, the proper remedy is by appeal. The writ of prohibition against a court or other tribunal possessing judicial powers can only issue where it is without jurisdiction or is proceeding or threatening to proceed in excess of its jurisdiction. (*People ex rel. Newton* v. *Special Term, Part 1,* 193 App. Div. 463.) In this case the court had jurisdiction of the parties and while its threatened action, if effectuated, would have been erroneous, it was not in excess of its jurisdiction but an error which was the subject of appeal. Although the appellants express their desire, in their brief, to waive any irregularity of practice in order to secure an expression of this court's opinion on the merits, the question of the power to issue the writ is one which cannot be waived and the court must, therefore, reverse the order upon that ground.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion for an alternative writ of prohibition is denied, without costs.

CLARKE, P. J., LAUGHLIN and PAGE, JJ., concur; GREENBAUM, J., dissents.

CLARKE, P. J. (concurring):

When the committee of the board of Municipal Court justices presented to the presiding justice for his approval the rule under consideration, which had been unanimously adopted by said justices, it was represented to him that there existed a most extraordinary condition in the Municipal Courts. That they were crowded to the point of breaking down with rent cases; that there was great excitement; that in view of the conditions existing in regard to housing, the Legislature had passed emergency legislation of the most drastic character, and that the board felt it was its duty to do everything possible to allay agitation, excitement and unrest; that one of the matters complained of was that tenants were often required to appear in districts where landlords resided and far from their own homes and friends; that as the Municipal Court was one court, though sitting in different districts, in considering section 17 of the Municipal Court Code which authorized the board of justices to designate " a part or parts of the court where special classes of cases shall be brought or tried," it was reasonable to construe the words " a part or parts of the court " as including districts, and that as cases affecting title to real estate were properly brought where the real estate was situated, it was proper by analogy to treat rent cases in the same manner; that in their opinion the proposed rule would considerably allay the existing excitement and aid in preventing violent disturbances. With considerable doubt — even without adverse argument, but mainly moved by the *argumentum ad hominem* indicated *supra* — the rule was approved. As it is now challenged, with an opportunity for careful consideration, and after argument, I concur with my brethren in the conclusion that the rule is not warranted by the Municipal Court Code and does violence to the provisions thereof.

Order reversed, with ten dollars costs and disbursements, and motion denied, without costs.