■ In the Matter of JUDITH HERSKOWITZ, Individually and as Guardian of ALEX FRIED, et al., Petitioners, v HAROLD J. TOMPKINS, as Justice of the Supreme Court of the State of New York, New York County, et al., Respondents.—The motions herein are consolidated for determination. Application brought by petitioners pursuant to CPLR article 78 (Motion No. 6044/91) in the nature of a writ of prohibition for an order prohibiting respondent Justice Harold Tompkins from proceeding any further in the action entitled *Charney v North Jersey Trading Corp.* (Sup Ct, Index No. 24517/88), and in the nature of mandamus for an order, *inter alia,* compelling the assignment of another Justice, unanimously denied. The cross motions of respondent and the additional respondent (Motions Nos. 203/92 and 224/92) to dismiss the petition are granted, and the petition is dismissed. Petitioners' motion to strike the additional respondent's notice to admit (Motion No. 881/92) is denied as moot. The additional respondent's motion to strike a duplicative petition (Motion No. 901/92) is granted, and petitioners' cross motion to consolidate is denied. Petitioners' additional motion (Motion No. 335/92) to strike the additional respondent's cross motion is denied. That portion of the cross motion of the additional respondent for sanctions is granted to the extent of awarding attorneys' fees in the amount of $5000 payable directly to the additional respondent's attorneys. Costs and disbursements associated with these motions are to be paid by petitioners.

As a general rule, prohibition does not lie where the issues or grievances can be remedied by way of appeal *(Matter of*

*Wilcox v Dwyer,* 48 NY2d 1003). In this case, the jurisdictional issue should have been addressed by way of an appeal from the October 16, 1991 order directing petitioners to answer the complaint in the underlying *Charney* action. While there is an exception to the general rule where the court is acting in excess of its jurisdiction, the term "jurisdiction" in this context relates to subject matter jurisdiction *(see, Matter of Hogan v Court of Gen. Sessions,* 296 NY 1 [court's authority to adjudicate coram nobis complaint]; *Matter of Culver Contr. Corp. [Humphrey],* 241 App Div 825, *affd* 268 NY 26, *rearg denied* 268 NY 719 [court's subject matter jurisdiction over condemnation proceeding]; *People ex rel. Nassoit v Young,* 195 App Div 513 [proper district for rent action]; *Taylor v O'Connell,* 106 NYS2d 301, 303 ["Prohibition will not lie for an error in a proceeding where jurisdiction over the subject matter exists where such error is subject to review on appeal"]). As stated by the Court of Appeals in *Matter of Rush v Mordue* (68 NY2d 348, 353): "Use of the writ is, and must be, restricted so as to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings. Permitting liberal use of this extraordinary remedy so as to achieve, in effect, premature appellate review of issues properly reviewable in the regular appellate process would serve only to frustrate the speedy resolution of disputes and to undermine the statutory and constitutional schemes of ordinary appellate review [citations omitted]". In this case, the manner in which petitioners have chosen to proceed is not only inappropriate but duplicative.

In addition to addressing the issue of personal jurisdiction, petitioners also assert that respondent is acting in excess of the court's subject matter jurisdiction by purporting to dissolve the New Jersey corporation and to appoint a receiver over its assets. However, there being no doubt that the sole asset of the New Jersey corporation, the building over which a receiver was appointed, is located within the court's jurisdiction, Charney's contest as to her rights in such property provides sufficient contacts for the exercise of the court's jurisdiction *(see,* 28 NY Jur 2d, Courts and Judges, § 231, at 411-412). Moreover, while an article 78 proceeding may be an appropriate vehicle to challenge the actions of a court in excess of subject matter jurisdiction, in this case appeal has been taken from the October 16, 1991 order determining the issue, and relief appropriately lies through that avenue of review.

Petitioners have failed to set forth any grounds pursuant to Judiciary Law § 14[1] for recusal of respondent Justice Tompkins (see, People v Moreno, 70 NY2d 403, 405 [absent a legal disqualification under Judiciary Law § 14 Trial Judge is sole arbiter of recusal]), and their allegations of bias or prejudice are unsupported (see, United States ex rel. Monty v McQuillan, 385 F Supp 1308, 1311, affd 516 F2d 897 [bias of Judge can be established only by showing that it stems from extrajudicial source and results in opinion on the merits, on some basis other than what the Judge learned from participating in the case]).

With respect to the cross motion for sanctions, petitioners have consistently employed improper and vexatious procedures, making numerous duplicative motions. Such conduct, and petitioners' absolute refusal to follow appropriate court procedures, has required court personnel and opposing counsel to sift through duplicative and conflicting records, and caused a great deal of totally unnecessary work to clerks, Judges and other judicial personnel in both this court and the IAS court. As noted by Charney and the respondent Justice, if there has been any confusion in this action, it most likely is due to petitioners' failure to follow proper and orderly procedures.

Under 22 NYCRR 130-1.1 (c), conduct is frivolous if:

"(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another."

In this case, the numerous duplicative, senseless, confusing, and sometimes illogical, motions interposed by the petitioners warrant a finding that the conduct engaged in by petitioners was undertaken primarily to delay the resolution of the underlying action and to harass and/or maliciously injure the respondents herein.[2] Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.

---

1. Judiciary Law § 14 prohibits a Judge from sitting on a case "to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree."

2. Note is taken that the sanctions imposed herein are chargeable solely to this separate article 78 proceeding, and in no way affect the IAS Justice's discretion in imposing additional sanctions in the underlying action, should petitioners' contumacious behavior persist.