■ CIRINO CAIOLA, Plaintiff, v ALLCITY INSURANCE COMPANY, Defendant. SOLOMON ABRAHAMS, Nonparty Appellant. (Matter No. 1.) In the Matter of MARSHALL WEINERMAN, Petitioner. PARKSIDE LIMITED LIABILITY COMPANY, Respondent. SOLOMON ABRAHAMS, Nonparty Appellant. (Matter No. 2.) [758 NYS2d 683] —In a criminal contempt proceeding pursuant to Judiciary Law § 750 (A) (3), arising from (1) an action to recover damages for personal injuries (Matter No. 1) and (2) a proceeding pursuant to Limited Liability Company Law § 702 for the judicial dissolution of a limited liability company (Matter No. 2), the alleged contemnor, Solomon Abrahams, appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), entered June 11, 2002, which, after a hearing, adjudicated him in criminal contempt of an order of the same court, entered September 14, 1999, as amended by order of the same court, entered November 28, 2001, in Matter No. 1, and an order of the same court entered July 10, 2001, in Matter No. 2, and imposed fines.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the findings of criminal contempt are vacated, the proceeding is dismissed, without prejudice to recommencement, and any fines that the appellant has paid are directed to be returned to him.

On two different occasions, the Supreme Court, in separate orders issued in separate matters, sanctioned the appellant for engaging in frivolous conduct (*see* 22 NYCRR 130-1.1). When he failed to pay the sanctions by certain court-imposed deadlines, the Supreme Court, sua sponte, commenced the instant criminal contempt proceeding against him by order to show cause.

In response, the appellant, who had been served with the order to show cause by fax and by first-class mail, commenced a proceeding pursuant to CPLR article 78 in this Court to prohibit the Supreme Court from conducting the criminal contempt proceeding. However, this Court denied the petition and dismissed the proceeding (*see Matter of Abrahams v DiBlasi*, 293 AD2d 530 [2002]). Subsequently, the Supreme Court, after conducting a hearing, adjudicated the appellant in criminal

contempt and imposed maximum fines aggregating $2,000 (*see* Judiciary Law § 751 [1]). This appeal followed.

Where, as here, a court commences a criminal contempt proceeding against an alleged contemnor based on his wilful disobedience of the court's "lawful mandate" (Judiciary Law § 750 [A] [3]), the failure to personally serve the alleged contemnor with notice of the proceeding is a jurisdictional defect (*see Matter of Howard T.P. v Maria B.,* 237 AD2d 443 [1997]; *Matter of Minter,* 132 AD2d 701, 703 [1987]; *Matter of Murray,* 98 AD2d 93, 98 [1983]). The appellant is not collaterally estopped from contesting the issue of personal jurisdiction by virtue of this Court's decision and order in the CPLR article 78 proceeding finding that the Supreme Court possessed subject matter jurisdiction (*see Matter of Herskowitz v Tompkins,* 184 AD2d 402, 403 [1992]). Since he was not served personally with the order to show cause, we are constrained to dismiss the contempt proceeding. We do so without prejudice to recommencement of the proceeding upon proper service of papers.

In view of this disposition, it is unnecessary to address the appellant's remaining contentions. Ritter, J.P., Altman, Krausman and Crane, JJ., concur.