[770 NYS2d 369]

In the Matter of SOLOMON ABRAHAMS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 29, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

*Solomon Abrahams*, White Plains, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition and a supplemental petition containing 19 charges of professional misconduct. Charges 9 and 13 were subsequently amended. In his answer and amended answer to the petition, the respondent generally denied that he was guilty of misconduct. In his supplemental answer, he admitted all of the factual allegations contained in Charges 15 through 19 and asserted several affirmative defenses. At the hearing, the petitioner's case consisted entirely of documentary evidence, to wit, 28 exhibits. The respondent testified on his own behalf and produced 10 exhibits, which were admitted into evidence. At the conclusion of the hearing, the Special Referee sustained all of the charges. The petitioner now moves to disaffirm the report of the Special Referee insofar as it sustains Charge 15 and to confirm the report insofar as it sustains the remaining charges. The respondent cross moves to disaffirm the report of the Special Referee in its entirety or to refer the matter to a new Special Referee.

Charge 1 alleges that the respondent disregarded the ruling of a tribunal, in violation of Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]):

The respondent was the plaintiff's counsel in the case of *Caiola v Allcity Ins. Co.*, which was litigated before the Honorable John DiBlasi in the Supreme Court, Westchester County. On March 18, 1999, Justice DiBlasi ordered that the plaintiff respond to certain discovery demands made by the defendant.

Notwithstanding Justice DiBlasi's direction, the respondent failed to respond on behalf of his client to the discovery demands. By decision and order dated September 13, 1999, Justice DiBlasi determined that the respondent had refused to comply with his direction and sanctioned him pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR subpart 130-1).

Charge 2 alleges that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to comply with the direction of a tribunal.

Charge 3 alleges that the respondent disregarded the ruling of a tribunal, in violation of Code of Professional Responsibility DR 7-106 (a) (22 NYCRR 1200.37 [a]).

The respondent was the plaintiff's counsel in the case of *Caiola v Allcity Ins. Co.,* which was litigated, inter alia, before the Honorable John DiBlasi in the Supreme Court, Westchester County. On March 18, 1999, Justice DiBlasi ordered that the plaintiff appear for a further deposition and that the defendant be permitted to ask all of the questions to which the respondent objected at a prior deposition. Notwithstanding Justice DiBlasi's direction, the respondent advised the defendant that the further deposition of the plaintiff would be subject to limitations. By decision and order dated September 13, 1999, Justice DiBlasi determined that the respondent refused to comply with his direction and, in turn, imposed a sanction against him pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR subpart 130-1).

Charge 4 alleges that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 5 alleges that the respondent engaged in conduct that served to harass another party in litigation, in violation of Code of Professional Responsibility DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1]).

The respondent was the plaintiff's counsel in the case of *Caiola v Allcity Ins. Co.,* which was litigated before the Honorable John DiBlasi in the Supreme Court, Westchester County. In May 1999, the defendant moved the court due to the plaintiff's lack of compliance with Justice DiBlasi's discovery

directions on March 18, 1999. The respondent, inter alia, cross-moved for summary judgment. The cross motion was made more than 120 days after the filing of the note of issue in that action. Prior thereto, the respondent had moved for summary judgment on behalf of the plaintiff, and the Supreme Court had ruled thereon. By decision and order dated September 13, 1999, Justice DiBlasi determined that the cross motion for summary judgment was frivolous and sanctioned the respondent pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR subpart 130-1).

Charge 7 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by providing inaccurate information to a tribunal.

The respondent appealed the September 13, 1999, decision and order to this Court. By decision and order dated November 13, 2000 (277 AD2d 273), this Court dismissed the respondent's appeal. The respondent sought "leave to reappeal the prior appeal" by motion to this Court dated July 12, 2001, in which he affirmed under the penalties of perjury that he "was never sanctioned before." The respondent, however, was previously sanctioned for commencing and continuing a frivolous action in the case of *Van Braemer v City of Yonkers*. By decision and order dated May 22, 1996, the Supreme Court, Westchester County, imposed a sanction against the respondent in that action pursuant to CPLR 8303-a.

Charge 8 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by providing inaccurate information to a tribunal.

In his motion to this Court, the respondent affirmed under penalties of perjury that, on the appeal that resulted in this Court's decision and order dated November 13, 2000, the defendant "did not oppose the appeal relating to the issue of the sanction." The defendant, in fact, submitted a brief that specifically addressed and argued in support of the sanction imposed by Justice DiBlasi's decision and order dated September 13, 1999.

Charge 9, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22

NYCRR 1200.3 [a] [5]), by failing to satisfy a judgment against him that was related to his practice of law:

In November 1998 Sandy Saunders Reporting commenced an action in the County Court, Rockland County, to recover a preexisting debt for unpaid fees for stenographic reporting services it provided. In June 2000, following a trial, a judgment was entered against Solomon Abrahams, Esq., P.C., in the amount of $7,788.23. As of the date of the petition, the respondent had not satisfied the judgment.

Charge 14 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

In 1997 Charles Beck commenced an action in the City Court of the City of White Plains, Small Claims Part, to recover a preexisting debt for photography work that he had performed for the respondent on legal matters that he was handling. By decision dated April 14, 1999, the City Court sustained Beck's claims against Solomon Abrahams, Esq., P.C. The City Court subsequently rendered a judgment against Solomon Abrahams, Esq., P.C., in the amount of $1,771.15. As of the date of the petition, the respondent had not satisfied the judgment.

Charge 16 alleges that the respondent engaged in frivolous conduct in a litigated matter, in violation of Code of Professional Responsibility DR 7-102 (a) (1) and/or (2) (22 NYCRR 1200.33[a] [1], [2]):

The respondent acted as counsel for a party in *Matter of Marshall Weinerman (Parkside Ltd. Liab. Co.),* which was litigated before the Honorable John DiBlasi in the Supreme Court, Westchester County. In the course of that litigation, the respondent made a motion to vacate a stipulation of settlement. By decision and order dated July 10, 2001, the court found the motion to be wholly lacking in factual or legal support and sanctioned the respondent for frivolous motion practice.

Charge 17 alleges that the respondent engaged in frivolous conduct in a litigated matter, in violation of Code of Professional Responsibility DR 7-102 (a) (1) and/or (2) (22 NYCRR 1200.33 [a] [1], [2]):

The respondent acted as counsel for a party in *Premier Capital v Damon Realty Corp.,* which was litigated before the Honorable Leland DeGrasse in the Supreme Court, New York

County. By decision and order dated December 3, 2001, the respondent was sanctioned for engaging in conduct without merit in law and undertaken primarily to delay or prolong the resolution of the litigation.

Charge 18 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

By letter dated July 11, 2001, the respondent advised Justice DiBlasi that the matter of the sanction that was imposed against him in *Caiola v Allcity Ins. Co.* was in the appeals process. As of the date of the respondent's letter, no appeal from the sanction order in the *Caiola* case was pending.

Charge 19 alleges that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, all of the charges except Charges 6, 10 through 13, and 15 were properly sustained by the Special Referee.

The respondent has an extensive disciplinary history consisting of four letters of caution and four letters of admonition.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he is not charged with any mismanagement of his escrow accounts, nor are the charges related to any attorney-client relationship. He also asks the Court to consider the numerous letters and affidavits of good moral character submitted by judges, lawyers, and others on his behalf. Finally, he asks the Court to consider the interim suspension already imposed as an adequate sanction.

His contentions to the contrary notwithstanding, the respondent has engaged in a pattern and practice of frivolous conduct, disregarding court orders and judgments, and providing misleading information to tribunals. His misconduct indicates a disrespect for the courts and the judicial process. Under the totality of the circumstances, he is suspended from the practice of law for a period of five years.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that Charges 1 through 5, 7 through 9, 14, and 16 through 19

are sustained, and charge 15 is not sustained; and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge 15 is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Solomon Abrahams, is immediately suspended from the practice of law for a period of five years, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the five-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Solomon Abrahams, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Motion by the respondent to vacate the interim suspension imposed by decision and order of this Court dated October 16, 2002, upon his conviction of a serious crime and to direct the Westchester County Department of Finance to refund to him the sum of $2,000.

Upon the papers submitted in support of the motion and the papers submitted in response thereto, it is

Ordered that the branch of the motion which is to vacate the respondent's interim suspension from the practice of law is denied; and it is further,

Ordered that the branch of the motion which is to direct the Westchester County Department of Finance to refund $2,000 to the respondent is denied as academic (see Caiola v Allcity Ins. Co., 305 AD2d 350 [2003]).