■ CITIZENS SAVINGS AND LOAN ASSOCIATION OF NEW YORK, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. — In an action to recover on a policy of fire insurance, plaintiff appeals (1) from an order of the Supreme Court, Queens County (Linakis, J.), dated January 19, 1982, which granted the defendant's motion to dismiss the complaint due to the plaintiff's "willful refusal" to submit to a court-ordered examination before trial and denied the plaintiff's cross motion to, *inter alia,* vacate its default in appearing for such examination, (2) from so much of a further order of the same court, dated February 23, 1982, as, upon reargument, adhered to its original determination, and (3) from a judgment of the same court, dated February 25, 1982, which, *inter alia,* dismissed the complaint. Appeal from the orders dated January 19, 1982 and February 23, 1982 dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment dated February 25, 1982 reversed, without costs or disbursements, orders dated January 19, 1982 and February 23, 1982 vacated, defendant's motion denied, and plaintiff's cross motion granted to the extent that its default is vacated on condition that it submit to an examination before trial as hereinafter provided, and without prejudice to the renewal of its motion to restore the case to the Trial Calendar upon the completion of that examination. The examination before trial of the plaintiff shall proceed at such time and place as shall be fixed in a written notice of not less than 10 days, to be given by the defendant, or at such time and place as the parties may agree. In the event that the condition is not complied with, judgment affirmed, with one bill of $50 costs and disbursements. The complaint herein was ordered stricken due to the plaintiff's failure

to submit to a court-ordered examination before trial which was scheduled to be held in the Supreme Court, Queens County, at 9:30 A.M. on July 1, 1981. The default was occasioned by plaintiff's counsel having been ordered on the previous day (i.e., June 30, 1981), to appear and select a jury in another action in the Supreme Court, Bronx County, at the same time that he was scheduled to appear at the examination before trial in Queens County, and by the refusal of the Justice presiding in the Bronx County action to excuse his appearance. Faced with this dilemma, plaintiff's attorney attempted to secure his adversary's consent to an adjournment of the examination before trial to the afternoon of July 1, 1981 and, failing that, dispatched an associate from his office to appear with his client in the Supreme Court, Queens County, on the morning of July 1, 1981 to request a similar adjournment from the Justice presiding at Special Term, Part II, thereof. At that time, however, the associate was denied an adjournment until 2:00 P.M. that afternoon and was directed to proceed by 11:00 A.M. Having been unsuccessful in securing this additional three-hour adjournment, and given the fact that the only attorney who was sufficiently familiar with the case to conduct the examination could not be present due to his actual engagement in The Bronx, the plaintiff defaulted in appearing at the examination before trial, thus resulting in the orders and judgment under review. We reverse. The default in this case was not willful or contumacious and does not warrant the drastic sanction of striking the complaint (see *Golden v Transport Taxi & Limousine Serv.,* 80 AD2d 870; *Cinelli v Radcliffe,* 35 AD2d 829). Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.