■ In the Matter of CONSTANCE POOLE, Respondent, v CALVIN MAYER, Appellant.—Order/judgment, Family Court,

Bronx County (Judith Sheindlin, J.), entered February 1, 1985, whereby the court denied respondent-appellant's request for an adjournment, proceeded to trial, and entered judgment thereon, reversed, on the law, without costs, and the matter remanded for an immediate hearing.

Petitioner moved for an upward modification of a 1980 order of child support. Respondent-appellant appeared on November 30, 1984 and was granted an adjournment to obtain counsel. Counsel appeared on January 7, 1985. The court was not pleased that she was not ready for trial but the record does not indicate that counsel had any reason to know that she was expected to go to trial on her first appearance. Counsel herself was allowed to select the next adjourned date, February 1. On January 31, she filed an affirmation of actual engagement at a Criminal Term of Supreme Court, Westchester County. The following day, the court proceeded in her absence, "rejecting" the affirmation because it was "upset" by the prior adjournments and the fact that counsel herself had selected February 1 as the trial date.

The Uniform Rules for the New York State Trial Courts would give preference to counsel's Westchester engagement (*see,* Uniform Rules for the Family Court, 22 NYCRR 205.13; Rules of Chief Administrator of the Courts, 22 NYCRR 125.1). While these rules became effective on April 1, 1985, after the order/judgment herein, they do not codify a departure in this instance from past practice. Although the granting of an adjournment has historically been a matter of the trial court's discretion (*see, People v Oskroba,* 305 NY 113, 117), the engagement of counsel in another court has long been recognized as a valid reason for an adjournment (*see, Ansani v Osnato,* 25 NYS2d 806; *New York Omnibus Corp. v Associated Transp.,* 76 NYS2d 602; *Dietz v Weisthal,* 131 Misc 597). Under the circumstances here, we find an abuse of discretion in the trial court's refusal to honor respondent-appellant's counsel's affirmation of actual engagement. Concur—Sandler, J. P., Lynch, Milonas, Kassal and Rosenberger, JJ.