■ In the Matter of PAMELA CLABURN, Respondent, v WHEELER CLABURN, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 2, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for support.

On November 22, 1985, petitioner filed a petition for support in Family Court. Respondent was subsequently served with a summons and petition and directed to appear in Family Court on December 13, 1985. His attorney filed a notice of appearance via a form letter, but no answer, on December 11, 1985 and requested an adjournment because respondent was convalescing from a heart attack suffered in November. An adjournment was granted to February 14, 1986.

The matter was then adjourned on two later occasions to new dates on the basis of certificates of engagement filed by respondent's attorney stating he had conflicting engagements. Family Court's memorandum setting March 14, 1986 as the new hearing date recited that no further adjournments would be granted and that an order would be made on that date.

On March 14, 1986, the hearing was held with respondent in default and respondent was ordered to make certain monthly payments and to pay an arrearage. On March 18, 1986, Family Court received a certificate of engagement dated March 12, 1986 from respondent's counsel stating his scheduled engagement in a felony trial elsewhere. This certificate bore an Albany postmark dated March 13, 1986. Respondent thereafter filed written objections to the order of support and findings of fact pursuant to Family Court Act § 439 (e) requesting that the order of the Hearing Examiner be vacated and that a new hearing be granted. Respondent's objections were denied and this appeal ensued.

There should be an affirmance. Family Court acted correctly in denying respondent's objections to the Hearing Officer's decision to proceed with the support hearing. The denial reflected a proper exercise of discretion under the Uniform Rules for the Engagement of Counsel (22 NYCRR 125.1).

Respondent's contention that the hierarchy of proceedings outlined in 22 NYCRR 125.1 (c) is to be mechanically applied without discretion by trial courts in resolving conflicting engagements of counsel is rejected. Enactment of the Uniform Rules for the Engagement of Counsel did not remove the preexisting discretion of a trial court to grant adjournments on the ground of conflicting engagements *(see, Matter of Poole v Mayer,* 112 AD2d 853, 854). This court has consistently refused to intervene in adjournment matters unless there has been an abuse of discretion *(see, e.g., Woertler v Woertler,* 110 AD2d 947, 948; *Gombas v Roberts,* 104 AD2d 521). No abuse of discretion by Family Court has been demonstrated in the case at bar. The record indicates that in deciding the adjournment question Family Court did " 'indulge in a balanced consideration of all relevant factors' " *(Cuevas v Cuevas,* 110 AD2d 873, 877, quoting *Wilson v Wilson,* 97 AD2d 897, 898). Rule 22 NYCRR 125.1 (e) (2) (iii) permits the court to consider the number of prior adjournments and upon whose application such adjournments were sought. Rule 22 NYCRR 125.1 (e) (2) (v) permits the court to consider the length of time the proceeding has been pending before the court. Here, respondent had been granted three prior adjournments and the

matter had been pending for almost four months. Respondent was also notified that no further adjournments would be granted and the certificates of engagement he filed did not include required information specifying the date and time the conflicting matter was expected to conclude (22 NYCRR 125.1 [e] [1] [v]). Such information would undoubtedly aid the court in rescheduling its business.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.