■ In the Matter of CAROLYN V. MINTER, Respondent. ORAZIO R. BELLANTONI, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Honorable Orazio R. Bellantoni, Judge of the Family Court of the State of New York, County of Westchester, dated February 21, 1985, which, *inter alia,* found the petitioner guilty of criminal contempt of court and imposed sanctions, the appeal is from a judgment and order (one paper) of the Supreme Court, Westchester County (Owen, J.), dated September 25, 1985, which granted the petition and vacated the order dated February 21, 1985.

Ordered that the judgment and order is affirmed, with costs.

The petitioner was appointed as Law Guardian for an infant in a Family Court child abuse and neglect proceeding. However, the infant died shortly after the petitioner's appointment from injuries sustained as a result of the abuse. Although a hearing date on the Family Court matter was set for December 7, 1984, the petitioner requested an adjournment because she was otherwise engaged in a criminal matter in the County Court. Thereafter, she received a notice, dated January 14, 1985, to appear in the abuse proceeding, for a hearing which was to take place in the Family Court on February 11, 1985. However, she was unable to appear because she was directed to proceed to trial in another criminal matter involving a charge of attempted murder in the County Court. On February 6, 1985, the petitioner submitted an affirmation of actual engagement to Judge Bellantoni, the Family Court Judge upon whose calendar the abuse proceeding appeared. Apparently, Judge Bellantoni did not receive the affirmation until an hour and a half before the hearing, which was scheduled for February 11, 1985.

During the hearing on the petition, Judge Bellantoni indicated that he intended to bring contempt proceedings against the petitioner for her failure to appear. The abuse proceeding was nevertheless conducted in her absence. At the hearing, the alleged perpetrator of the child abuse, who had already been convicted of murder in the second degree on charges underlying the abuse petition, was brought down from prison where he was serving a sentence of 15 years to life imprisonment and consented to the entry of an adjudication of abuse against him. Upon learning of the offer of consent, Judge Bellantoni observed, "[t]hen it won't be required, the hearing", and further noted, "[s]o, there is no need for any further disposition * * * There is nothing to protect, the child is dead. I could give him Probation for one year, which is meaningless. I could give an order to keep him away permanently, and that you have. Its already been accomplished. And there is nothing I can do to impose upon him by law, so the case will be closed".

Although the substantive legal business to be accomplished at the hearing was completed in summary fashion in the petitioner's absence, on February 13, 1985, Judge Bellantoni issued an order to show cause why the petitioner should not be held in contempt of court, which, *inter alia,* alleged that the petitioner's nonappearance "did in fact, disrupt, hinder and prevent the normal course of proceeding such as to

frustrate the function of this Court in the dispensing of justice". The order to show cause set a hearing date of February 21, 1985, and was mailed to the petitioner by regular mail. The petitioner, however, did not appear in Family Court on February 21, 1985. According to the petitioner, she never received the order to show cause and only became aware that it had been issued after she had been adjudicated in contempt, when her attorney received the papers submitted by the appellant in opposition to her petition to vacate the order of contempt. The order of contempt fined the petitioner $250 or, in the alternative, directed her to serve 10 days in jail.

Thereafter, the petitioner commenced the instant proceeding to review the determination finding her guilty of contempt. The Supreme Court, Westchester County, vacated the order, concluding that the appellant had failed to effect personal service of the order to show cause upon the petitioner as required by CPLR article 3.

The Supreme Court properly vacated the appellant's adjudication holding the petitioner in criminal contempt upon the ground that personal service of the order to show cause was never made upon the petitioner (see, Matter of Murray, 98 AD2d 93, 98). Moreover, a court-appointed Law Guardian— whose primary responsibility is to ensure that the best interests of the child are protected—is not a "fiduciary" of the court as to whom personal service of such an order may be dispensed with (cf., Matter of Drimmer, 97 AD2d 792, 794). In any event, the record is devoid of evidence indicating that the petitioner's failure to appear was willful, thus precluding a finding of criminal contempt (see, City of Poughkeepsie v Hetey, 121 AD2d 496, 497; see also, Matter of McCormick v Axelrod, 59 NY2d 574). On the contrary, the petitioner was actually on trial in the County Court, and her affirmation of actual engagement should have been accepted (see, Cotter v City of New York, 48 AD2d 814).

Finally, we are perplexed by the intensity with which the appellant prosecuted the matter of the petitioner's alleged contempt in light of the facts set forth herein. The petitioner's nonappearance—which in any event was not proven to be willful—did not, as the appellant alleges, frustrate the adjudication of a matter which, for all practical purposes, was academic in nature. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.