■ EMMA AVITAL, Respondent, v EITAN AVITAL, Appellant.— In a matrimonial action in which the parties were divorced by judgment entered January 13, 1983, the defendant husband appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated December 2, 1987, which directed a hearing on his motion to vacate a judgment entered upon his default and directed him to post a bond in the amount of $32,000.

Ordered that on the court's own motion, the appellant's notice of appeal from so much of the order as directed a

hearing is treated as an application for leave to appeal, the application is referred to Justice Balletta, and leave to appeal is granted by Justice Balletta (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed, with costs, the motion to vacate the default judgment is granted, and the matter is remitted to the Supreme Court, Queens County, before another Supreme Court Justice for determination of the appellant's motion for downward modification of the maintenance and child support provisions of the judgment of divorce and the respondent's cross motion, *inter alia,* for a judgment in the principal amount of $2,797 representing maintenance and child support arrears.

The husband's attorney was unable to appear for a hearing before Justice Zelman in the Supreme Court, Queens County, on the first adjourned date regarding the husband's motion for a downward modification of the maintenance and child support obligations set forth in the judgment of divorce. He had been instructed, just five days before, by a Justice of the Supreme Court, Kings County, to commence a trial in an unrelated action to recover damages for personal injuries which had been on that court's Trial Calendar in excess of 1½ years. At the direction of the Kings County Justice, the attorney submitted an affirmation of actual engagement to Justice Zelman on the date of the hearing, which affirmation was in compliance with the court rules governing requests for adjournments due to counsel's actual court engagement elsewhere (22 NYCRR 125.1 [e] [1]). Under these circumstances, it was an improvident exercise of discretion for the court to reject the affirmation, to allow the hearing to proceed, and to permit a default judgment to be entered against the husband. Consequently, the court's subsequent refusal to vacate the default was also improper *(see,* 22 NYCRR 125.1; *Matter of Minter,* 132 AD2d 701; *Matter of Poole v Mayer,* 112 AD2d 853; *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 92 AD2d 907; *Cotter v City of New York,* 48 AD2d 814).

In view of our determination, we need not address the remaining contentions raised by the husband. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.