■ MANSFIELD FARMS, INC., Appellant, v QUESTROYAL FARM et al., Respondents.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (P. Patsalos, J.), entered November 30, 1989 in Orange County, which denied plaintiff's motion to restore its action to the Trial Calendar.

Following a pretrial conference on Friday morning, April 28, 1989, Supreme Court set the trial of this case for Monday, May 1, 1989. Counsel for plaintiff spent Friday afternoon notifying his witnesses of the imminent trial. Apparently while so engaged, at approximately 6:00 P.M., he received a telephone call from John Fabiani, trial counsel for defendants, who stated that he would actually be engaged on the following Monday, May 1, and would not appear for trial, but that he would send an associate on Monday to request an adjournment of the scheduled trial and, if that motion was denied, Fabiani felt that he could obtain a reversal "as an abuse of discretion". Based on these representations, counsel for plaintiff informed Fabiani that he would notify Robert Osgood, who was plaintiff's sole stockholder. When Osgood was finally reached on Sunday, April 30, 1989 in Chautauqua County and informed of Fabiani's situation, he agreed that an adjournment was likely, that plaintiff's counsel should instruct the witnesses not to take time off from work, and that Osgood would still take a flight to London that he had put on hold due to the scheduled trial. Plaintiff's counsel did not appear in Supreme Court on Monday. An associate of Fabiani, Ellen Davis, appeared and moved for an adjournment. In an affidavit she has admitted that she appeared for that purpose but claims she was prepared to select a jury if that was necessary. Significantly, Davis had an affidavit of Fabiani's actual engagement. In the course of ascertaining the nature of her application, the court asked if it was "to dismiss the case for failure to go forward". Davis stated that it was and the court granted the motion to strike the case from the calendar. On June 30, 1989, a motion by plaintiff to restore was denied, with leave to renew on papers that contained a proper affidavit of merits. Plaintiff renewed its motion to restore on October 23, 1989. Supreme Court denied the motion because (1)

plaintiff's excuse for failure to appear was insufficient, and (2) plaintiff failed to demonstrate that its cause of action was meritorious. This latter order is the subject of this appeal by plaintiff.

In our view, plaintiff's trial preparation following the pretrial conference on Friday, April 28, 1989 ceased because it was interrupted by Fabiani's call that he would not be ready for trial on the following Monday. It was this call that caused Osgood to reschedule his flight to Europe, plaintiff's counsel to call off the witnesses and plaintiff's counsel to fail to appear in Supreme Court for trial on Monday morning. Although plaintiff's counsel should have appeared in court pursuant to the court's direction on Friday, and certainly should have notified the court if he did not intend to do so, the facts and circumstances triggered by the telephone call of Fabiani, stating that he would be actually engaged in another trial on Monday and would file an affidavit of engagement and seek an adjournment, provided a sufficient excuse for the failure of plaintiff's counsel to appear for trial. The failure to appear in these circumstances should be considered technical at most and not the equivalent of a default. Thus, an affidavit of merit was not essential in order to have the case restored to the Trial Calendar (see, Balducci v Jason, 133 AD2d 436, 437). Plaintiff never showed any intention to abandon this action; its motion to restore was well within the one-year period following the mark off of its case and defendants suffered no prejudice (see, Rivera v Cambridge Mut. Ins. Co., 136 AD2d 688). In these circumstances, the refusal of Supreme Court to grant plaintiff's motion to restore the action to the Trial Calendar was an abuse of discretion and the order appealed from should be reversed.

Order reversed, on the law and the facts, with costs, motion granted and action ordered restored to the Trial Calendar. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.