■ JOHN S. GAGE, Respondent, v JOAN R. GAGE, Appellant. [643 NYS2d 358] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated January 12, 1995, which denied her motion for a new trial and to vacate a judgment of divorce dated May 17, 1993, entered upon her default.

Ordered that the order is modified, as a matter of discretion, by deleting the provisions thereof denying those branches of

the motion which sought a new trial on the issues of maintenance and equitable distribution and which were to vacate that portion of the judgment of divorce dated May 17, 1993, relating to the equitable distribution of the marital property, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial before a different Justice to determine whether the defendant is entitled to an award of maintenance and to recalculate the equitable distribution award.

The Supreme Court improvidently exercised its discretion in rejecting the affirmation of actual engagement of the defendant's attorney, holding the defendant in default, and proceeding to trial in the defendant's absence on the issues of maintenance and equitable distribution (see, 22 NYCRR 125.1; *Mansfield Farms v Questroyal Farm,* 167 AD2d 616; *Avital v Avital,* 152 AD2d 523). Therefore, the defendant is entitled to a new trial to determine whether she is entitled to an award of maintenance and to recalculate the equitable distribution award.

However, the defendant is not entitled to a new trial on the issue of whether the plaintiff is entitled to a judgment of divorce (*see generally, Wayasamin v Wayasamin,* 167 AD2d 460). In addition, the defendant's contention that she was entitled to a new trial on the issue of child custody is unpreserved for appellate review (*see, Fascaldi v Fascaldi,* 209 AD2d 576). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.