■ In the Matter of Zoreen Smith, Respondent, v David Smith, Appellant. [725 NYS2d 853] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Clark, J.), dated November 1, 1999, which denied his objections to an order of the same court (Fondacaro, H.E.), dated August 10, 1999, which awarded the petitioner mother an upward modification of the father's child support obligation, arrears in the amount of $33,800, $5,169.25 in retroactive support, and an attorney's fee in the amount of $4,500, and dismissed his application for a downward modification of his child support obligation.

Ordered that the order is reversed, with costs, and the matter is remitted to the Family Court, Richmond County, for a new hearing in accordance herewith.

The Family Court should have accepted the affirmation of engagement of the father's attorney and should not have proceeded to conduct a hearing on the issues of arrears and modification of the father's child support obligation (see, Gage v Gage, 227 AD2d 443, 444; Mansfield Farms v Questroyal Farm, 167 AD2d 616).

In light of our determination, the remaining issues are academic. However, it is noted that the father alleges that the judgment of divorce provides that he pay $153.50 per week for the support of both children. The judgment of divorce, however, specifically provides that, "the Defendant [father] (on consent) shall pay One Hundred Fifty Three and 50/100ths Dollars ($153.50) per week for each minor child to the Plaintiff for child support" (emphasis supplied). Hence, the father was to pay $153.50 per week for each child, not as a total amount of support for both children. Accordingly, the court used the correct amount of support in determining arrears. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.