Cardona, PJ.
Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered July 13, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondent’s child.
The child in this custody matter was born in April 2003 and pláced in the care of petitioner, the maternal grandmother, by respondent, the mother, when the child was approximately four months old. In February 2007, the grandmother commenced this custody proceeding after the mother failed to return the child to her care following what was apparently intended to be a short visit with the mother in Virginia. Family Court granted temporary sole custody of the child to the grandmother pending resolution of the custody petition.
At the ensuing hearing, counsel’s request for a continuance based upon the mother’s indication that she was unable to personally appear due to difficulty in finding transportation from Virginia was denied by Family Court. Following testimony by the grandmother only, Family Court found that extraordinary circumstances existed pursuant to Domestic Relations Law § 72 (2) and, upon proceeding to the best interest analysis, granted the grandmother sole custody of the child.
Initially, we are unpersuaded by the grandmother’s contention that the appeal should be dismissed because the mother cannot appeal from an order entered on default (see CPLR 5511). Although the mother was not present at the hearing, her counsel appeared, explained her absence, unsuccessfully *1064 requested a continuance and thereafter participated in the hearing on her behalf. Under these circumstances, no default order was entered (see Matter of D’Entremont v D’Entremont, 254 AD2d 576, 576 [1998]).
Turning to the issue raised by the Law Guardian with respect to the denial of the mother’s motion for a continuance, we find that, under the circumstances herein, Family Court improvidently exercised its discretion in denying that motion (see Matter of Shepard, 286 AD2d 336, 337 [2001]; cf. Matter of Claburn v Claburn, 128 AD2d 937, 938-939 [1987]). Importantly, although the mother was previously unable to appear due to medical restrictions and her involvement in a serious car accident, there is no evidence in the record that she has deliberately engaged in delay tactics. Nor does it appear that her current request for a continuance based on transportation difficulties was made for the purpose of delay. Furthermore, her testimony clearly was material inasmuch as she opposed the grandmother’s request for custody at the initial appearance, disputed the allegations in the petition, indicated that she placed the child with the grandmother temporarily and had previously requested that the grandmother return the child to her. In view of the foregoing, and given that the petition involves the rights of a biological parent to the care and custody of her child, we find that the matter should be remitted to Family Court so that the mother may be given another opportunity to appear.
Finally, upon our review of the record, we find no error in Family Court awarding temporary custody to the grandmother pending resolution of the custody petition.
Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision, and, pending said proceedings, temporary physical custody of the child shall continue with petitioner.