OPINION OF THE COURT
Richard B. Meyer, J.
*824 Objections and motion to vacate by respondent Parvaz Saber to an order of the Support Magistrate (Heussi, S.M.), dated October 28, 2008, entered on default, finding Saber to be in willful violation of the March 4, 2008 child support order for failure to pay his pro rata share of day care expenses, and dismissing his modification petition.
By an order dated March 4, 2008, Saber was directed to pay $150 per week in child support and 53% of the child care and unreimbursed medical expenses for his two children with petitioner Ellen T. Saccone. Saber filed a petition for modification on June 12, 2008, seeking a reduction based upon his loss of employment. On June 24, 2008, Saccone filed a violation petition claiming that Saber failed to reimburse her for child care expenses.
At the initial appearance before the Support Magistrate on July 15, 2008, Saber, a citizen of Pakistan residing in the United States pursuant to a visa, appeared by telephone (Family Ct Act § 433 [c]; 22 NYCRR 205.44) and advised that he had not been served with a copy of the violation petition. Both matters were adjourned to August 22, 2008 for service of the violation petition. At that time, Saber again appeared by telephone and requested an adjournment to retain counsel. After Saber was warned that the call would end if he did not comply with the Support Magistrate’s directions, the phone call was subsequently terminated. Later that same date, a letter was mailed to Saber by the Clerk advising that the hearing on the petitions would take place on September 19, 2008 at 1:00 p.m. Saber personally appeared on the hearing date with retained counsel, Judith Pareira, Esq., but after nearly two hours of unsuccessful off-the-record negotiations, counsel for both parties requested an additional adjournment for the hearing. The Support Magistrate granted the adjournment and the matter was set down for a two-hour trial on October 28, 2008 at 2:00 p.m.
On Friday, October 24, 2008, at 6:43 p.m., a notice of appearance, an affirmation of prior engagement, and a request for an adjournment were sent by facsimile transmission to the Family Court Clerk by Saber’s current counsel, Jason Brodsky, Esq. These documents were marked received by the Clerk on October 27, 2008. In his affirmation, Brodsky provided the court with several future dates on which he was available for a hearing and averred that he had contacted petitioner’s attorney, Virginia Morrow, Esq., to obtain a mutually convenient date for an adjourned hearing. The court file contains notes of the Support *825 Magistrate dated October 27, 2008, which reveal that the adjournment request was not granted because the “affidavit is not in compliance with section 125” and “fails to state why the other family court matter would take precedence over [this] case,” and that no adjournment will be granted “without something more.” The file further reflects that a telephone message was left thereafter with Brodsky’s office for him to call Family Court. No return call was received by the Clerk’s office.
At the time of the scheduled hearing the next day, neither Saber nor his attorney appeared. The Support Magistrate summarily determined Saber to be in willful violation of the March 4, 2008 support order, directed entry of a money judgment in favor of Saccone for $3,423 in child care expenses, awarded $2,000 in counsel fees to Morrow, and dismissed Saber’s petition for modification, all based upon default. Saber timely filed objections and a motion to vacate the default.
22 NYCRR 125.1 governs the adjournment of court proceedings due to conflicting engagements of counsel. In determining adjournment requests, special preference is to be afforded certain types of matters (22 NYCRR 125.1 [c]). Where no special preference or extraordinary circumstances are involved, an attorney “must proceed in . . . the particular matter first scheduled for the date on which the conflict arises” (see 22 NYCRR 125.1 [d]). Also, “where a date for trial ... is fixed at least two months in advance thereof . . . the attorneys previously designated as trial counsel must appear for trial on that date . . . [or] must produce substitute trial counsel” (22 NYCRR 125.1 [g]). An affirmation or affidavit of engagement must include
“(i) the title of the action or proceeding in which counsel is engaged;
“(ii) its general nature;
“(iii) the court and part in which it is scheduled ••• 9
“(iv) the name of the judge or panel chairman who will preside over it; and
“(v) the date and time the engagement is to commence, or did commence, and the date and time of its probable conclusion” (22 NYCRR 125.1 [e] [1]).
Here, Brodsky’s October 24, 2008 affirmation of engagement complies with section 125.1 (e) (1) except for providing the name of the New York County Family Court Judge presiding over the conflicting matter and the time it was scheduled to commence. *826 Brodsky did not assert any statutory preference, and the trial date was not fixed at least two months in advance. However, the geographical distance between New York and Essex counties renders the specific time of the New York County engagement irrelevant as Brodsky would be unable to appear in both matters on a single day no matter what their respective scheduled times. Brodsky’s immediate efforts to contact the court and his adversary with regard to his conflicting engagements and to seek a mutually convenient date for rescheduling evidences that his request for an adjournment was made in good faith and was not a contumacious gesture or mere tactical ploy.
“It is well settled that adjournments fall within the sound discretion of the trial court and should not be disturbed on appellate review absent a showing of abuse (People v Spears, 64 NY2d 698, 699-700; Schneyer v Silberg, 156 AD2d 200, 201, appeal dismissed 77 NY2d 872; Matter of Alario v DeMarco, 149 AD2d 587, 589, appeal dismissed 74 NY2d 791)” (Santora & McKay v Mazzella, 211 AD2d 460, 462 [1995]; see also People v Oskroba, 305 NY 113 [1953]).
However, an abuse of discretion may lie in instances where an adjournment request has been rejected following an affirmation by counsel in compliance with 22 NYCRR 125.1 based upon conflicting engagements (see Avital v Avital, 152 AD2d 523 [1989] ; Matter of Minter, 132 AD2d 701 [1987]; Matter of Poole v Mayer, 112 AD2d 853 [1985]; Citizens Sav. & Loan Assn. of N.Y. v New York Prop. Ins. Underwriting Assn., 92 AD2d 907 [1983]; Cotter v City of New York, 48 AD2d 814 [1975]). Since “there is a strong preference in our law that matters be decided on their merits in the absence of demonstrable prejudice (Lirit Corp. v Laufer Vision World, 84 AD2d 704; Lang v French & Co., 48 AD2d 641)” (Elemery Corp. v 773 Assoc., 168 AD2d 246, 247 [1990]), and because the record here is devoid of prejudice to Saccone, the determinations of the Support Magistrate were an abuse of discretion.
Saber’s objections are granted in all respects. As a result, the finding of a willful violation is vacated, as is the award of counsel fees to Morrow, and the dismissal of Saber’s modification petition is reversed.