Matter of Bryce L. (David B.) (2020 NY Slip Op 03107)





Matter of Bryce L. (David B.)


2020 NY Slip Op 03107


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2019-07078
 (Docket Nos. N-7281-19, N-7282-19)

[*1]In the Matter of Bryce L. (Anonymous). Administration for Children's Services, respondent; David B. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Harley B. (Anonymous). Administration for Children's Services, respondent; David B. (Anonymous), appellant. (Proceeding No. 2)


Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Piyali Basak and Kathryn V. Lissy of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Julia Bedell of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated June 12, 2019. The order, after a hearing, found that the father willfully violated a temporary order of protection issued on March 18, 2019, and committed him to a three-month term of incarceration. By decision and order on motion of this Court dated July 8, 2019, enforcement of the order dated June 12, 2019, was stayed pending the hearing and determination of the appeal.
ORDERED that the order is reversed, on the law, without costs or disbursements.
The failure of the Family Court to personally serve the appellant with the order to show cause upon initiation of the contempt proceeding was a jurisdictional defect (see Matter of Howard T.P. v Maria B. , 237 AD2d 443; Matter of Minter , 132 AD2d 701). Accordingly, we reverse the order.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court