People v Colasanto (2020 NY Slip Op 51570(U))

[*1]

People v Colasanto (Alex)

2020 NY Slip Op 51570(U) [70 Misc 3d 133(A)]

Decided on December 31, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 31, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-986 S CR

The People of the State of New York,
Respondent,
against
Alex G. Colasanto, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (John Andrew Kay, J.H.O.), rendered April 15, 2019. The
judgments convicted defendant, after a trial in absentia, of following too closely and speeding,
respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate simplified traffic informations with following too closely
(Vehicle and Traffic Law § 1129 [a]) and speeding (Vehicle and Traffic Law § 1180
[a]), respectively. The record demonstrates that this matter was originally scheduled for trial to be
held on February 14, 2019. However, on that date, defense counsel requested an adjournment due
to illness. The prosecutor consented and the court adjourned the trial to Monday, April 15, 2019,
a date to which defense counsel specifically agreed. The Friday before the scheduled trial date,
defense counsel filed an affirmation of actual engagement indicating that he was scheduled to
appear in a different court on April 15, 2019. Neither defense counsel nor defendant appeared for
trial. A trial in absentia was held, after which the court found defendant guilty of the charges and
imposed sentences.
Under the circumstances presented, including that defense counsel, having already been
granted a courtesy adjournment and having known for two months that he had a scheduling
conflict, waited until the eve of trial to file his affirmation of actual engagement with the court, it
was not an improvident exercise of discretion for the court to deny defense counsel's request for
an adjournment (see Rules of the Chief Administrator of the Courts [22 NYCRR] §
125.1; Wallace v Wallace, 172 AD3d 1433 [2019]; Matter of Nurse, 160 AD3d
745 [2018]; Passaro v [*2]New York Hosp.-Cornell Med.
Ctr., 289 AD2d 70 [2001]; Gage v Gage, 227 AD2d 443 [1996]).
We have reviewed defendant's remaining contentions and find them, under the circumstances
presented, to be without merit.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 31, 2020