Murphy v Coalition of Landlords, Homeowners & Merchants (2021 NY Slip Op
50574(U))

[*1]

Murphy v Coalition of Landlords, Homeowners & 
Merchants

2021 NY Slip Op 50574(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2020-738 S C

Richard Murphy, Respondent,
against
The Coalition of Landlords, Homeowners & Merchants and Paul
Palmieri, Appellants. 

Judith N. Berger, for appellants.
Richard Murphy, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated January 10, 2020. The order denied defendants' motion to vacate a judgment
entered upon their failure to appear for arbitration.

ORDERED that the order is affirmed, without costs.
Plaintiff retained defendant The Coalition of Landlords, Homeowners & Merchants, of
which defendant Paul Palmieri is the president, to represent him in connection with issues
relating to real property. In this small claims action, plaintiff seeks a refund of $2,870. The matter
was set down for mandatory arbitration (see Rules of Chief Judge [22 NYCRR] §
28.2). At the request of defense counsel, Judith Berger, and upon her representation that
defendants intended to move to consolidate this action with a separate action that they would be
bringing against plaintiff herein in the Supreme Court, Suffolk County, the arbitration of the
action was adjourned twice: first, from May 17, 2018 to July 5, 2018, and then to August 30,
2018. On the afternoon of August 29, 2018, defense counsel faxed an affirmation of actual
engagement to the clerk of the District Court, in which she stated that she was to appear on
August 30, 2018 in the Supreme Court, Suffolk County, in a separate matter. Berger also
repeated her intention to move to consolidate this action with a related matter in the Supreme
Court, Suffolk County, and requested an additional 60-day adjournment. On August 30, 2018,
upon defendants' failure to [*2]appear, an arbitrator took
testimony from plaintiff and awarded plaintiff the principal sum of $2,870. An arbitrator's case
report dated August 30, 2018 was filed in the District Court's clerk's office on September 5,
2018. On October 24, 2018, defendants filed an order to show cause in the District Court
seeking, among other things, to vacate the arbitrator's award and to prevent a judgment from
being entered thereon. The District Court declined to sign the order to show cause, and, on
October 30, 2018, a judgment was entered against defendants in the principal sum of
$2,870.
On October 25, 2019, defendants moved, pursuant to CPLR 5015 (a) (1), to vacate the
default judgment and to restore the case to the court's calendar. In a supporting attorney's
affirmation, Berger claimed, in part, that defendants had a reasonable excuse for their default
because, on the hearing date, she had been actually engaged at a conference in the Supreme
Court, Suffolk County, where the presence of counsel had been required. Defendants based their
request for relief on the same affirmation of actual engagement as they had previously relied on.
Plaintiff opposed defendants' motion, which the District Court denied on bases including
defendants' failure to demonstrate a reasonable excuse for their default as required by CPLR
5015 (a) (1).
Because this matter was arbitrated pursuant to the Rules of the Chief Judge (22 NYCRR)
part 28, the judgment, the default, and the award were subject to vacatur "upon good cause
shown" (see Rules of the Chief Judge [22 NYCRR] § 28.7 [a]; see also
Finamore v Huntington Cardiac Rehabilitation Assn., 150 AD2d 426 [1989]; Rosman & Co. v Chideckel, 44
Misc 3d 137[A], 2014 NY Slip Op 51248[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2014]; Williams v Rastegar, 38 Misc 3d 126[A], 2012 NY Slip Op 52319[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2012]). In our view, defendants' submissions were
inadequate to demonstrate "good cause" for defendants' default (see Juniper Walk Condominium v Patriot
Mgt. Corp., 3 Misc 3d 748, 752 [White Plains City Ct 2004]). The motion papers
demonstrated that defense counsel had waited until the eve of the arbitration hearing to fax an
affirmation of actual engagement to the District Court (see People v Colasanto, 70 Misc 3d 133[A], 2020 NY Slip Op
51570[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]), which affirmation had failed to
comply in a number of particulars with the Rules of the Chief Administrator of the Courts (22
NYCRR) § 125.1 (see Wahid v
Pour, 89 AD3d 1015 [2011]). Moreover, defense counsel should have been aware of the
scheduling conflict at the time that she requested the second adjournment and consented to the
second adjourned hearing date. Nevertheless, defendants made the instant motion 14 months
after the arbitrator's award and nearly a year after the entry of judgment. 
We do not consider any materials which are dehors the record (see Chimarios v Duhl,
152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021