People v Reyes (2021 NY Slip Op 51194(U))

[*1]

People v Reyes (Yesica)

2021 NY Slip Op 51194(U) [73 Misc 3d 141(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1564 S CR

The People of the State of New York,
Respondent,
against
Yesica Reyes, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Kenneth Diamond, J.H.O.), rendered May 9, 2019. The judgment
convicted defendant, after a trial in absentia, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [a]). The record indicates that this matter was originally scheduled for trial on
April 23, 2019; however, a few days earlier, defense counsel submitted an affirmation of
engagement and requested an adjournment of the trial, which request was granted. Trial was
rescheduled for May 9, 2019. On the morning of the trial, an affirmation of actual engagement
was filed wherein defense counsel indicated that he was scheduled to appear in several other
criminal matters, some of which involved felony charges, and requested a second adjournment of
the trial. Neither defense counsel nor defendant appeared for trial. A trial in absentia was held,
after which the court found defendant guilty of speeding and imposed sentence. 
Under the circumstances presented, including that defense counsel, having already been
granted an adjournment and having waited until the morning of trial to file his affirmation of
actual engagement with the court, it was not an improvident exercise of discretion for the court to
deny defense counsel's request for an adjournment (see Rules of the Chief Administrator
of the Courts [22 NYCRR] § 125.1; Wallace v Wallace, 172 AD3d 1433 [2019];
Matter of Nurse, 160 AD3d 745 [2018]; Passaro v New York Hosp.-Cornell Med.
Ctr., 289 AD2d 70 [2001]; Gage v Gage, 227 AD2d 443 [1996]).
We have reviewed defendant's remaining contentions and find them, under the [*2]circumstances presented, to be without merit. 
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021